ALBANY,
January, 1819.

THE PEOPLE *against* THE SUPERVISORS OF THE COUNTY OF ULSTER.

THE PEOPLE
v.
SUPERVISORS
OF ULSTER.

A WRIT of *mandamus*, on motion of the Attorney General, was issued against the *Supervisors of Ulster County*, commanding them, forthwith, to levy on the said county the sum of 17,514 dollars and 71 cents, with interest from the 19th of *June*, 1817, or show cause why an attachment should not issue against them. The supervisors now showed for cause, that the sum they were called upon, by the writ of *mandamus*, to levy on the county, was for arrearages arising from the defalcations of *Joseph Gasharie* and *Christopher Tappen*, formerly loan officers of the county of *Ulster*, for moneys received by them, as loan officers, and not paid over to the treasurer of the state, for several successive years, from the first receipts of money by them, to the year 1804, when they were removed from office. That the supervisors do not consider themselves authorized by the act, passed the 18th of *April*, 1786, entitled, " an act for emitting the sum of 200,000 pounds in bills of credit, for the purposes therein mentioned," and which apportioned 14,000 pounds to the then county of *Ulster*, &c. to raise any money, to reimburse the state for moneys heretofore received and embezzled by the old loan officers; nor was there any subsequent act which would authorize their raising such money; as, in their opinion, the supervisors and judges of the county, in making the loans, acted as agents of the state, and not of the county. That when the old loan office was established under the act of 1784, and the sum of 14,000 pounds emitted to the county of *Ulster*, that county included within its limits, five towns, which now form part of the county of *Orange*, the whole of the now county of *Sullivan*, and part of the present county of *Delaware*. That the bond of the old loan officers was given, agreeably to the act, to the people of the state of *New-York*, with sureties, and which bond was prosecuted against the sureties, in whose favour judgment was given by this Court,

*The Court will not compel, by mandamus, the supervisors of the county of Ulster, to assess and levy on the county, the amount of the deficiency of payments of sums loaned under the act, passed the 18th of April, 1786, commonly called the Loan Office Act, (sess. 9. ch 40. s. 28. 1 Greenl. ed. L. N Y. 240.) prior to the year 1795, such changes having since taken place in the county, by the erection of new counties, as to render it impracticable, after such a lapse of time, to do what is right and just in the case.*

ALBANY,
January, 1819.

THE PEOPLE
v.
SUPERVISORS
OF ULSTER.

in *February*, 1811,(a) on the ground, that the agents of the state had given credit to the principals, until they had become insolvent. That the supervisors of the county have no power, by the existing statutes, to raise moneys, unless' with the consent of the judges of the Court of Common Pleas, who ought to be made parties to this proceeding. That the defalcations of the loan officers were as well known to the officers of the state, as to the supervisors of the county of *Ulster*, and that if those agents had been prosecuted in due season, they were able and competent to pay the sums due. That as the loan was for the benefit of the state, and not of the county, the state ought to bear the loss arising from the neglect of its officers and agents. That the supervisors of the county are so far a corporate body, that they cannot be compelled to do any particular act; that several new members have, since the last election, been introduced into the board of supervisors, and since the supervisors were called on, by the order of this Court, to show cause, &c. That as there is no provision by law for an assessment of this nature, until the next annual meeting of the supervisors, nor any of them named in the order to show cause, &c., if their assessment should be illegal, they would be liable to suits and prosecutions.

*Van Buren*, Attorney General, now moved for an attachment against the defendants.

*Sudam*, contra.

*Per Curiam.* The 28th section of the act of the 18th of *April*, 1786, (1 *Greenl.* ed. *L. of N. Y.* 240. sess. 9. ch. 40.) provides, that " if any deficiency has happened by the borrowers not having a right to the lands mortgaged, or by the selling thereof for a less price than what is before mentioned, or *otherwise*, then the said supervisors, or a majority of them, with the concurrence of one or more of the said judges, shall cause all such deficiencies to be assessed and levied in the county, as other county charges, so that the.

(a) *People* v. *Jansen and others*, 7 *Johns. Rep.* 332.

whole of such deficiencies be paid to the loan officers by the third *Tuesday* of *June* then next following." After so great a lapse of time, and when such changes have taken place, in regard to the county of *Ulster*, we are clearly of opinion, that it is impossible for the Court, under the existing circumstances, to do what is right and just in the case. Without, therefore, expressing any particular opinion on the merits of the claim against the county, we must deny the motion for an attachment.