THE PEOPLE, on the relation of D. BEACH, *vs.* SENECA
COMMON PLEAS.

A mandamus will not be granted where parties have acquiesced a year in the proceedings sought to be set aside.

MOTION for a mandamus. The relator recovered a judgment before a justice against a constable and his sureties, the former having made himself liable in relation to an execution issued on a judgment in favor of the relator against J. Knox, S. Scutt and J. Stark. The defendants appealed. On the trial of the cause in the common pleas, in February, 1826, it was discovered that the justice, in stating the demand of the plaintiff, had stated that the action before him was brought on a judgment against J. Knox and S. Scutt, omitting the name of J. Stark. The common pleas permitted the plaintiff to withdraw a juror, and the plaintiff on the next day applied for a rule that the justice amend his return, which the court refused, and directed the defendant's attorney to empannel a jury, on the ground that they had erred in allowing

the plaintiff to withdraw a juror without the consent of the defendants. A jury was empanelled, who, under the directions of the court, found a verdict for the defendants. The plaintiff excepted to the opinions of the court, and brought a writ of error ; but being now advised that a mandamus and not a writ of error is the proper remedy, he accordingly applies for a mandamus, directing the common pleas to set aside the verdict and judgment rendered thereon, and to grant the rule for an amendment of the return of the justice.

*By the Court,* SUTHERLAND, J. The motion is denied. Here has been a delay of a year since the happening of the errors complained of, and the fact of the party's having been advised that his remedy was by writ of error, furnishes no excuse. This court will not by mandamus disturb proceedings in which parties have so long acquiesced.