## SUPREME COURT.

THE PEOPLE *ex rel*. THE GAS-LIGHT COMPANY OF THE CITY
OF SYRACUSE agt. THE COMMON COUNCIL OF THE CITY OF
SYRACUSE.

*Mandamus — what delay is fatal to the writ.*

Where parties have acquiesced for nearly two years in the proceedings
sought to be set aside, a *mandamus* will not be granted.

The writ is allowable in the discretion of the court. The delay for so long
a time is fatal to the relief sought.

*Onondaga Special Term, January* 28, 1876.

THIS was an application for a peremptory mandamus to
compel the respondents to complete proceedings begun to
acquire the lands of the relator for widening a street. The
relator was awarded $5,600 by three commissioners appointed
by the county court of Onondaga county. The report of
said commissioners was made and presented to the common
council, and ordered filed on the 11th day of December, 1871.
According to the charter of the city of Syracuse, it then
became the duty of the common council to pass resolutions
directing the completion of the proceedings. Nothing fur-
ther was done in the matter until the 13th day of October,
1873, when the common council adopted a resolution rescind-
ing its former action, and declaring all proceedings taken
pursuant thereto abandoned and discontinued. No proceed-
ings were instituted or attempted by the relator in respect
thereto until the 29th of June, 1875, when an alternative
writ of mandamus was allowed, to compel the common
council to go on and complete the proceedings to acquire the
title to the lands of the relator.

The common council filed their return, and a motion was then made by the relator for a peremptory writ.

*George F. Comstock*, for relator.

*Irving G. Vann*, for respondents.

HARDIN, *J.* — If this application had been made promptly after the report of the commissioners, or after the resolution of the common council in 1873 abandoning the proceedings, the relator, under the decisions made by the court in this district (*reported in* 20 *Howard*, 491; MORGAN, *J. delivering the opinion*), would have been entitled to the allowance of the writ asked for.

That case arose under the charter of the city of Syracuse, and seems to be in point and favorable to the relator.

The principles of the case were examined by the court of appeals, in a case reported in 56 *N. Y.*, 144, and conclusions were reached by the court of appeals that seem to weaken the case in 25 *Howard* as an authority.

*In the Matter of Syracuse, Binghamton and N. Y. R. Co.* agt. *Smith*, it was held by HARDIN, *J.*, that until the formal report is made, filed and confirmed, the proceedings in railroad cases to acquire lands may be discontinued. That result was sustained by the general term in this department (*See also Hudson R. R. R. Co.* agt. *Unswater, &c.*, 3 *Sand*, 690).

This writ is allowable in the discretion of the court.

The application for it was not made until more than twenty months after the resolution of the common council abandoning the proceedings.

The delay is fatal to the relator (*People* agt. *Seneca Common Pleas*, 2 *Wend.*, 264).

In that case the delay was one year, and the writ was refused (*See also* 2 *Johns. cases*, 217; 16 *Johns.*, 59; 10 *Wend.*, 285; 2 *Crary, Sp. Pro.*, 62).

The writ must be refused, and the motion is therefore denied with costs.