Scott, J.
The plaintiff in error applied to the District Court of Lawrence county, for a writ of mandamus, commanding the defendants in error to execute and deliver to him a township bond of said township of Fayette, for one hundred dollars, in compliance with the requirements of the act of April 16, 1867, “to authorize and require the payment of bounties to veteran volunteers,” and the acts amendatory thereof.
The facts stated in his relation, were such as to bring his case, prima facie at least, within the purview of said statute, and to entitle him to such bond. He avers in his relation that since the year 1867, he has often requested the trustees of said .township, and their successors in office, including the present board of trustees, to draw, perfect, and deliver *237 to him such bond, which they have refused, and still refuse to do.
His application was made to the district court, August 9, 1873. The defendants answered, and for their first defense alleged “ that the cause of action on which plaintiff’s application is based, accrued to him against the defendants, more than six years prior to the commencement of this suit, by the said plaintiff, and so, they say that said action is barred by the statute of limitations.” To this defense the relator demurred. The court overruled his demurrer, and thereupon dismissed the case at his costs. Eor alleged error in this action of the court below, the plaintiff here prosecutes his petition in error.
The code of civil procedure limits the time within which an action can be brought “ upon a liability created by statute, other than a forfeiture or penalty,” to six years, (Sec. 14.) This provision is found in title 2, of the code, the object of which is to define and prescribe “the time of commencing civil actions.” The civil action of the code is a substitute for all such judicial proceedings as, prior thereto, were known, either as actions at law, or suits in equity. (See. 3.) By section 8, the limitations of this title are expressly confined to civil actions. But proceedings in mandamus were never regarded either as an action at law, or a suit in equity, and are not therefore a civil action within the meaning of the code. Mandamus is an extraordinary or supplementary remedy, which can not be resorted to if the party has any other adequate, specific remedy. The code provides for and regulates this remedy, but does not recognize it as a civil action. It declares that the writ of mandamus may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the-law. (Sec. 570.) And in section 577, it provides that: “No other pleading or written allegation is allowed than the writ and answer.”
These are the pleadings in the case, and have the same-effect, and are to be construed, and may be amended in the the same manner as pleadings in a civil action; and the is *238 sues thereby joined must be tried and the further proceedings thereon had in the same manner as in a civil action.” This language clearly implies that mandamus is not comprehended within the civil action of the code, to which alone the limitations of title 2 are applicable as an absolute bar.
In holding otherwise, we think, the court below erred, and its judgment must, therefore, be reversed.
We do not, however, mean to intimate, that because there is no statutory limitation of the time within which a writ of mandamus may be obtained in this state, a party may delay his application therefor at pleasure, without detriment to his rights. Where the relator has slept upon his rights for an unreasonable time, and especially if the delay has been prejudicial to the defendant, or to the rights of other persons, the court, in the exercise of a sound discretion, may well refuse the writ. In a case in New York, where the relator sought, by mandamus, to have judicial proceedings set aside, the court refused the writ, because of an acquiescence in the proceedings for one year. 2 Wend. 264. In another case, it was held that mandamus might be brought within the time fixed for the limitation of other similar or analogous remedies. The People v. The Supervisors of Westchester, 12 Barb. 446. The justice and equity of this rule would, in many cases, be questionable. Moses on Mandamus, 190. What laches, in the assertion of a clear legal right, would be sufficient to justify a refusal of a remedy by mandamus, must depend, in a great measure, on the character and circumstances of the particular case.
These circumstances may often be frilly developed only on the trial of the case, as the statute permits no reply to the answer of the defendant. Eor the purposes of the demurrer, in this case, the relator admits a delay of six years. But for all other purposes, such delay is to be regarded as denied. How long, and under what circumstances, the relator has slept upon his rights, and what prejudice, if any, has resulted therefrom to the defendants, or to other persons, are facts to be ascertained upon the trial of the case, *239 and considered by the court, in determining whether such laches is disclosed, as to justify a denial of the remedy sought.
The answer of defendants contains a second defense, to which plaintiff in error demurred, and his demurrer was sustained by the court. Of this action, he, of course, does not complain. But counsel for defendants suggest that the court erred in sustaining this demurrer, and that the facts stated in this defense justify the action of the court in dismissing the relator’s case. It may be sufficient to say that we think the facts relied on do not constitute a legal bar to the relator’s claim.
The judgment of the court below will be reversed, the demurrer of plaintiff to the first defense' of the defendants he sustained, and the case remanded to the district court for trial upon its merits.

Judgment accordingly.