GEORGE D. WALCOTT v. THE MAYOR, RECORDER, AND ALDERMEN OF THE CITY OF JACKSON.

*Mandamus—Laches.*

Mandamus was not allowed to enforce the payment of a claim for salary where the relator first elected to sue in assumpsit but left the action undetermined and, after ten years had passed from the date of his claim, sought his remedy by mandamus from the appellate court.

Mandamus. Submitted June 22. Denied July 2.

*Melville McGee* for relator.

City Attorney *Chas. A. Blair* for respondent.

GRAVES, C. J. At the last April term the relator made this application for a mandamus against the city, and the case has been heard on the usual order to show cause. An outline of the leading facts is indispensable.

On the 11th of September, 1871, the relator accepted the appointment of Superintendent of the Water-works then

owned by the city, and continued to hold the position until the first day of July, 1872, at which time he resigned. On the occasion of his appointment the common council fixed his salary at $1000; but he gave notice that he would not accept it. No change was made, however, until the 27th of the following November, at which time, on the recommendation of the board of public works, the common council increased it to $2000. A few days later he sent in his charge for his services prior to the change of salary, and it was regularly allowed and paid. It was at the rate of $1000 per year. He drew his pay monthly under the allowance of $2000, and was paid at that rate from the date of the increase to the first of June. But on the 3d of that month the common council assumed to cut the salary down to $50, and when he resigned the first of July, the city tendered him for his June service an amount computed for the first five days at the rate of $2000 per year, and for the other twenty-five days at the rate of $50 per year, and he refused to accept it. He insisted on being paid at the rate of $2000 per year for the entire month. This item of service has never been paid.

The relator and the common council were evidently at variance, and the former had some kind of charge against the city besides the demand for salary. But the circumstances are not explained.

We are informed by the petition that in December, 1872, the relator sued the city in the circuit court, and among other claims which are not described, alleged one for his salary during June, 1872, at $2000 per year, and a second for the difference between what he actually charged against the city for the period prior to the change, and the amount which would figure up for that time on the new basis; that one trial was had on the merits, before a jury, which terminated in a disagreement; that after many postponements the cause was again brought to trial last winter, but without a jury; that relator then proceeded to give evidence of these claims, but the circuit judge excluded it on the ground that

the remedy was by mandamus.   These facts are all admitted.

No further reference is made to the action in the circuit court.   The explanation leaves the action pending and the trial in progress, and stops with the offer of evidence to prove these claims, and the adverse ruling.   Now, it is these same demands of which this Court is asked to take cognizance by this proceeding.   It is for their enforcement that the relator prays a mandamus at our hands.   Is the case a proper one for such intervention at this late day?   It is the opinion of the Court that it is not.   If the claims in question were ever tenable on mandamus, they arose more than ten years before the application, and the relator was then as well informed of their existence as he is now.   His election to sue in the circuit court was his own affair, and it is not a matter he can set up to excuse his delay in coming here. As respects this remedy, the demands have become stale, and public policy is against extending it to such cases.

In a case in the state of New York, where the delay was only for a year, the Supreme Court refused the writ.   They said: "Here has been a delay of a year since the happening of the errors complained of, and the fact of the party's having been advised that his remedy was by writ of error, furnishes no excuse.   This court will not by mandamus disturb proceedings in which parties have so long acquiesced." *People v. Seneca Com. Pleas*, 2 Wend. 264.

Were it necessary we should be obliged to consider several other questions before reaching the subject of validity of the claims, and we notice these among others.   We should have to inquire whether, for the purpose of mandamus to compel payment, the city is the proper party to be proceeded against; and, again, we should have to see whether demands which are actual causes of action in a pending suit in assumpsit, and in regard to which demands there have been rulings which are liable to be brought hither by writ of error, are in a condition to be singled out by the plaintiff, and made triable here against the defendant on mandamus.

But it so happens there is no occasion to go further than the objection arising on the delay.

The writ is denied with costs.

The other Justices concurred.