Marsh, appellant, *v.* Kinna, respondent.

ORDER SECURING COSTS INTERMEDIATE. An order of the court requiring a
    plaintiff to give security for the costs, or justify, is intermediate and can
    be reviewed on an appeal from the judgment dismissing the action upon
    the failure of the party to comply with the same.
AFFIDAVIT ASKING SECURITY FOR COSTS. The affidavit of a defendant to the
    effect that he is acquainted with the financial condition of the plaintiff,
    and that, to the best of his knowledge and belief, the plaintiff is unable
    to pay the costs likely to accrue in the action, is sufficient under the five
    hundred and sixty-second section of the Civil Practice Act.
ORDER REQUIRING SECURITY FOR COSTS. Upon the filing of said affidavit the
    court made an order that the plaintiff give security for the costs, or justify
    in a certain amount before the trial. *Held,* that the defendant, under said
    order and section, could give a proper bond, or justify, or deposit money
    with the clerk, or prove certain facts and prosecute his action without
    pre-paying the costs. *Held,* also, that the court properly dismissed the
    action upon the refusal of the plaintiff, after a reasonable time, to perform
    any of these acts.

*Appeal from Third District, Lewis and Clarke County.*

This action was dismissed by WADE, J.

SHOBER & LOWRY and JOHNSTON & TOOLE, for appellant.

The affidavit on which the case was dismissed is insufficient. Civ. Pr. Act, § 562. Had the affidavit been sufficient the order was improper. Sts. Ex. Sess. 40, § 1. The order and affidavit may be reviewed on appeal. Civ. Pr. Act, § 377.

W. E. CULLEN, for respondent.

The affidavit was sufficient. If defective, no objection was made in the court below, and the question cannot be raised in this court for the first time. *Morgan* v. *Hugg*, 5 Cal. 409; *Collier* v. *Corbett*, 15 id. 183; *McCartney* v. *Fitz Henry*, 16 id. 184.

BLAKE, J. The respondents filed the following affidavit and motion November 17, 1875, in which one of the respondents deposes "that he is one of the defendants in the above-entitled action; that he is acquainted with the financial condition of the said plaintiffs; and that, to the best of affiant's knowledge and belief, said plaintiffs are unable to pay the costs likely to accrue in the said action; wherefore affiant asks that the same may be dismissed." The court made an order November 19, 1875, that said "plaintiffs give security for costs in the sum of $300, or justify in said amount before the day of trial." This appeal has been taken from the judgment that was entered November 26, 1875, dismissing the action upon the failure of the parties to give said security, or justify. No exception was saved to these proceedings, but the ruling of the court is an "intermediate order involving the merits and necessarily affecting the judgment," and can be reviewed on this appeal. Civ. Pr. Act, § 377; *Marden* v. *Wheelock*, 1 Mon. 49; *Mason* v. *Germaine*, id. 263.

The validity of the order complained of must be determined by a reference to the five hundred and sixty-second section of the Civil Practice Act, which provides that the defendant may file a motion asking the court to dismiss the action, or rule the plaintiff to give security; that the motion shall be accompanied by an affidavit "to the effect that the plaintiff is insolvent, or is not able to pay the costs likely to accrue upon said case;" and that "the court shall dismiss such action," unless the plaintiff justifies, or gives a sufficient bond, or deposits money with the clerk, or

makes the affidavit mentioned in the next section. The section which is referred to has been amended by an act approved April 29, 1873. Sts. Ex. Sess. 40. The amended act provides that any person may prosecute an action who will prove that he has a good cause of action, and that, by reason of misfortune or bodily infirmity, he is unable to pay the costs or give security, and has no property to secure the same. It also provides that the action of the court in granting or refusing permission to prosecute a case without the prepayment of the costs, "shall not be matter upon which error can be assigned."

It is claimed that the affidavit is defective because it does not say that the plaintiffs are insolvent, and the deponent has sworn according to his belief, and does not state the facts on which his belief is based. It appears that the affiant was acquainted with the financial condition of the parties, and that his opinion is derived from his knowledge and belief. The statute requires the affidavit to contain one of two facts — that the plaintiff is insolvent, or that he is not able to pay the costs likely to accrue. A party may not be insolvent and may be unable to pay the costs, and the law recognizes this distinction. The respondent has complied with the statute by stating one of these essential facts in his affidavit, and the court was compelled to make the order relating to the giving of the security by the appellant.

The appellant contends that the order, made November 19, 1875, is illegal because the appellant was commanded to give security for the costs, or justify, when he was entitled under the statute to deposit money with the clerk, or prove the facts specified in the amended act. The order is expressed in general terms and it is not necessary that it should enumerate all the rights of the appellant in the language of the laws. The statute and order must be construed liberally to enable the plaintiff to have his day in court. We think that the appellant could justify to the satisfaction of the court by witnesses, or give a bond to secure the payment of the costs, or deposit money with the clerk, or prove said facts under the order. The appellant does not point to any action of the court by which he has been injured. He did not offer to comply with the order, or make said deposit, or prove said facts, and has not been deprived of his statutory privileges.

It will be observed that the final order of dismissal was entered one week after the order dated November 19, 1875. It does not appear that the appellant asked for further time, or moved to reinstate the case upon the docket, and we are satisfied that he had a reasonable time within which he might have obtained the right to prosecute this action, if desirable. When he failed to perform any of the acts which were necessary, the dismissal of the action followed as an immediate result.

*Judgment affirmed.*