STEVENSON, RESPONDENT, *v.* CADWELL, APPELLANT.

[Submitted October 3, 1893.  Decided April 2, 1894.]

APPEALS—*Dismissal—Rules of court.*—A rule of the district court requiring appeals from justice's courts to be filed within thirty days after the appeal is perfected is in no sense jurisdictional, but simply a regulation of practice to be applied with a reasonable discretion, and therefore the failure of an appellant to comply therewith should not be made ground of dismissal where the appeal is filed before the hearing of the motion to dismiss, and it further appears that as appellant was entitled to a jury trial and no jury was in attendance until after the filing of the appeal the respondent could not have been injured by the delay.

*Appeal from Ninth Judicial District, Gallatin County.*

PLAINTIFF'S motion to dismiss the appeal was granted by BENTON, J., sitting in place of ARMSTRONG, J.   Reversed.

Statement of the case by the justice delivering the opinion:

This action was originally commenced in a court of the justice of the peace.   Judgment was rendered in favor of plaintiff March 13, 1893.  Defendant in due time gave notice of appeal, and filed a bond upon appeal.   On March 21st the justice made out his transcript of the proceedings in the case, and left the same with the clerk of the district court.   On April 24th plaintiff served defendant with notice of a motion to dismiss his appeal, on the ground that the same was not filed in the district court within the time allowed for filing it, as provided by statute and the rules of practice of the court, nor was the same docketed within the time so allowed.   The motion was noticed to be made upon records of the case and an affidavit to be filed.   On May 1st defendant paid to the clerk his filing fee, and the case was then filed and docketed.   The defendant filed his affidavit in resistance to the motion to dismiss.   The motion was heard May 8th, and granted.   Defendant's appeal

was dismissed, and judgment for costs was rendered in favor of plaintiff. Defendant now appeals.

*E. P. Cadwell, pro se.*

There is no statute or practice to sustain the order appealed from. The only authority the district court had for making said order is its rule 2, and the only warrant for said rule is section 523, page 198, of the Code of Civil Procedure. Of course this statute means, if it means any thing, that to regulate the practice and procedure rules may be made. Not to make a new practice or procedure, or to change in any way that which is already existing, but to regulate that already existing and established by the code. Clearly the rule is not such as is contemplated by section 523. For instead of regulating a practice already in vogue it tears down and endeavors to establish a new practice; gives back to the justice's court that which the law says it has parted with—its jurisdiction. Admitting the rule to be good, is not the object of all rules of court to promote justice rather than to defeat it? Such is the doctrine of the California courts. (*People* v. *Williams,* 32 Cal. 281; *Pickett* v. *Wallace,* 54 Cal. 147; *People* v. *Lee,* 14 Cal. 512.) Here is a cause in which the appeal was perfected during a vacation of the district court, at a time when the jury was not in attendance upon the court. The cause is a jury cause. It could not be tried until one week after the transcript was in fact filed. Who was prejudiced? Certainly not the plaintiff, for the cause could not have been tried at any time between the date of the appeal and the actual filing of the transcript. The rule at best is merely directory—not jurisdictional—and this supreme court has repeatedly held that being so it should be liberally construed. (*State* v. *Baker,* 8 Nev. 141; *McQuillan* v. *Donahoe,* 49 Cal. 157; *Territory* v. *Mac-Key,* 8 Mont. 169; *People* v. *Lake Co.,* 33 Cal. 487; *Territory* v. *Flowers,* 2 Mont. 392; *Wood* v. *Forbes,* 5 Cal. 62; *Shaw* v. *Randall,* 15 Cal. 384.)

*Staats & Holloway,* for Respondent.

The authority of the district judge to make the rule is unquestioned. (Code Civ. Proc., § 523; *McKay* v. *Superior*

*Court,* 86 Cal. 431.) Upon the failure of appellant to file the transcript within the time prescribed by the court rules the appeal will be dismissed. (*In re Reed's Estate* (Cal. March 17, 1892) 29 Pac. Rep. 245; *Trabing* v. *Meyer,* 3 Wyo. 133; *Collins* v. *Johnson,* 3 Wyo. 133; *Levy* v. *Everett* (Cal., Oct. 4, 1892), 31 Pac. Rep. 111; 1 Am. & Eng. Ency. of Law, 627; *McKay* v. *Superior Court,* 86 Cal. 431.) The filing of a transcript after notice of motion to dismiss for failure to file within the prescribed time will not cure the defect. (*Welch* v. *Kenney,* 47 Cal. 414.) If the rule is merely directory, as appellant claims, then its enforcement in this case was a matter purely within the discretion of the court, and no error can be predicated of the ruling unless there was a violent abuse of that discretion, which we feel sure will not be imputed of the honorable judge presiding, and that this court will follow the universal rule that orders or decrees involving the exercise of judicial discretion are not subject to review in a court of errors; only a violent abuse of that discretion will be interfered with. (*Pomeroy's Lessee* v. *Bank of Indiana,* 1 Wall. 598; *United States* v. *Atherton,* 102 U. S. 372.) Abuse of judicial discretion which will justify interference with, implies not only error of judgment but partiality, passion, and perversity of will. (*People* v. *New York Cent. R. R. Co.,* 29 N. Y. 431; *White* v. *Leeds,* 51 Pa. St. 189.)

DE WITT, J.—There was a rule of the district court that appeals from justice's courts to the district court must be filed within thirty days after the appeal is perfected, and that if, through the neglect of the appellant, the same be not so filed, the appeal may be dismissed. The appeal was not filed in the district court within thirty days after it was perfected, and in consequence thereof the district court dismissed the appeal. The only inquiry which we will make is whether the district court exercised a sound discretion in applying this rule and dismissing the appeal. We are inclined to think it did not. Defendant's appeal was perfected as required by statute. The dismissal was not for a failure to comply with the law, but, on the contrary, for simply neglecting to observe a rule of the court. The object of the rule is certainly not to deny parties

a hearing who wish one. The object is to require appeal cases to be brought on promptly for trial. It seems to us that the object of the rule was attained in this case. The appeal did not lie unheard for any unconscionable length of time. Respondent gave notice of his motion to dismiss at once upon the expiration of the thirty days. After respondent had served appellant with notice of his motion, and a week before the motion was heard, appellant gave to the clerk of the district court his filing fees, and the appeal was filed and docketed. It also appears that this was a case wherein appellant was entitled to a jury trial, and that no jury was in attendance upon the court from the date of appeal until May 1st, the day when the case was docketed. Therefore respondent was in no way injured. He could not have had a trial sooner under any circumstances. This rule of the court is in no sense a jurisdictional matter. It is not like some statutes regulating appeals where a compliance with the statute is necessary to give the court jurisdiction. The rule was simply a regulation of practice which the court must apply with a reasonable discretion.

We are not satisfied that an appellant should be turned away from court under the circumstances shown in this case. We believe that the results sought to be accomplished by the rule were in fact attained—that is, the opportunity for a speedy hearing of the appeal—and, that being true, the rule should not have been used to wholly deny a trial of the case. The action of the district court is reversed, and the case is remanded, with instructions to deny the motion to dismiss the appeal.

The respondent makes no question as to reviewing, on appeal, the action of the district court in this case. (*Howard* v. *Quinn*, 2 Mont. 340; *Marsh* v. *Kinna*, 2 Mont. 547; *Territory* v. *Milroy*, 7 Mont. 559.)

*Reversed.*

Pemberton, C. J., and Harwood, J., concur.