MORIN, RESPONDENT, *v.* WELLS ET AL., DEFENDANTS;
MOSHNER, APPELLANT.

(No. 1,796.)

(Submitted February 13, 1904.   Decided March 7, 1904.)

*Justices of the Peace—Appeal—Bond—Sureties—Justification
—Objection to Sureties—Consideration—Jurisdiction—Pre-
sumptions—Statutes.*

1.  Code of Civil Procedure, Section 1760, provides that an appeal from a
justice is to be taken by filing a notice of appeal with the justice, and serv-
ing a copy on the adverse party. *Held* that, in the absence of any show-
ing to the contrary, it is to be presumed that a notice filed with the justice
was properly served.
2.  Code of Civil Procedure, Section 1763, provides that an appeal from a
justice's court to the district court is not effectual for any purpose unless
an undertaking be filed, and that appellee may except to the sufficiency of
the sureties on the undertaking, and unless they or other sureties justify
within five days, the appeal must be regarded as if no undertaking had been
given. *Held,* that an exception to the sureties does not divest the juris-
diction of the district court of the appeal; that the requirement of the
statute concerning the justification of the sureties is directory, for ap-
pellee's benefit, and that he may waive his privilege of excepting to the
sureties, or may except to the sureties and afterwards withdraw such ex-
ception; that the statute is mandatory only where the appellee insists that
the sureties justify within five days.
3.  Where appellee excepted to the sufficiency of the sureties, and they failed
to justify within the statutory period, counsel for the parties had the
right to stipulate for an extension of time within which the sureties might
justify or a new undertaking be furnished.
4.  The parties to an appeal from a justice stipulated for an extension of the
time within which the sureties might justify after the time fixed by the
statute for their justification had expired, and, within the time so stipu-
lated for, defendant signed as a surety. Six months later, the appeal was
dismissed. *Held,* that the signature of defendant was not without con-
sideration; it being for the purpose of preventing the appeal from becoming
ineffectual and it having, presumptively, operated to stay proceedings for
several months.
5.  Defendant's action in becoming a surety, when he did, was not contrary
to a mandatory statute nor prohibited by public policy.
6.  Statutes must be liberally construed to maintain the right of appeal.

*Appeal from District Court, Fergus County; E. K. Cheadle,
Judge.*

ACTION by Oliver Morin against John Wells and others.
From a judgment in favor of plaintiff, and from an order deny-

ing a motion for a new trial, defendant Frank Moshner appeals. Affirmed.

*Mr. Rudolf Von Tobel,* and *Messrs. Walsh & Newman,* for Appellant.

The notice of appeal from the justice's court, together with the undertaking on appeal, were filed within the period of thirty days after the judgment was rendered. In accordance with the provisions of Section 1763, Code of Civil Procedure, the respondent in that action excepted to the sufficiency of the sureties to said undertaking on the 9th day of October, 1900. Under the provisions of Section 1763 said sureties were required to justify within five days after such exception, to-wit, on or before the 14th day of October, 1900, and, upon failure so to do, under the provisions of said section, "the appeal must be regarded as if no such undertaking had been given." Neither those sureties, nor others, justified within the statutory time. On October 15, 1900, the day after the expiration of the time for the sureties to justify, the parties to the action in the justice's court entered into a stipulation by the terms of which it was attempted to extend the time for the justification of the sureties, or to furnish a new undertaking, and to revive the jurisdiction which had already been lost. There can be no dispute as to the fact that the jurisdiction of the appellate court to try the cause expired on the 14th day of October, 1900. After that date, appellant maintains, nothing could have been done by either party to confer jurisdiction or to revive the jurisdiction which had been lost. The California Code is identical with ours upon that point, and the courts of that state have construed the words, "must be regarded as if no such undertaking had been given," as synonymous with the words used in the first part of said Section 1763, viz.: "The appeal is not effectual for any purpose." (*McCracken* v. *Superior Court,* 86 Cal. 74; *Woods* v. *Superior Court,* 67 *id.* 115; *Coker* v. *Superior Court,* 58 Cal. 177; *McKeen* v. *Naughton,* 88 Cal. 462; *Roush* v. *Van Hagen,* 17 Cal. 121; *Wilson* v. *Davis,* 1 Mont. 98.)

Section 1763 of the Code of Civil Procedure provides that, if the sureties do not justify within five days, the appeal must be regarded as if no undertaking had been given. They did not justify in this case within the five days, and hence the appeal must be regarded as if no undertaking had been given. After the expiration of five days the appellant signed the bond. This was without legal force or effect, and did not revive the appeal. (*McDonald v. Paris,* 68 N. W. 737; *Smith v. Coffin,* 70 N. W. 636; *McKeen v. Naughton,* 26 Pac. 354; *Price v. Doan,* 60 Pac. 893.) The parties could not, by stipulation, extend the time or waive giving a bond. (*Brown v. C. M. & St. P. Ry. Co.,* 75 N. W. 198; *Erpenbach v. C. M. & St. P. Ry. Co.,* 76 N. W. 923; *Brown v. Brown,* 81 N. W. 627.) Nor can parties by consent confer jurisdiction on the district court on appeal from justice court. (*Santom v. Ballard,* 133 Mass. 464; *Henderson v. Benson,* 5 N. E. 314.) Cases in which it has been held that a party may waive that which is intended for his benefit are cases on appeal from the courts of record to the supreme court, but on appeal from a justice court a strict compliance with the statute is necessary to give the district court jurisdiction. The sureties having failed to justify within the time prescribed by law, under Section 1763, the appeal must be considered as if no undertaking had been given. The appellant's signing his name to the bond after that date did not revive the appeal, and did not have the effect of staying the execution. Hence, there was no consideration whatever given for the bond. "Where a bond on appeal has no validity as a statutory bond, a motion for judgment thereon should be denied, even if it could be shown to be supported by a consideration, and be good as a common law bond." (*Central Lumber & Mill Co. v. Center,* 40 Pac. 334; *Powers v. Chabot,* 28 Pac. 1070; *McCallion v. Hibernia Savings Society,* 33 Pac. 329; *Reavy v. Butler,* 50 Pac. 375; *In re Kennedy's Estate,* 62 Pac. 64.)

The fact that appellant did not issue execution cannot substitute a consideration. (*Powers v. Chabot,* 28 Pac. 1070.)

*Messrs. Bickford & Bickford,* and *Mr. F. W. Metler,* for Respondent.

MR. COMMISSIONER CALLAWAY prepared the following opinion for the court:

This is a suit on an undertaking on appeal. The district court entered judgment against the principal and sureties upon the undertaking. Defendant Moshner moved for a new trial, which was denied. From the judgment, and order denying his motion, he has appealed.

It appears that on September 12, 1900, respondent herein recovered a judgment in justice's court against defendant Ouellette in the sum of $298.15. Desiring to appeal therefrom, Ouellette on October 8th filed notice and undertaking on appeal. The sureties thereon were defendants Wells and Berger. On the day following, October 9th, respondent excepted to the sufficiency of the sureties, requiring them to justify within five days. This they failed to do. On October 15th counsel for respondent and Ouellette entered into a written stipulation in which it was agreed that Ouellette "have until and including October 22, 1900, in which said sureties were to justify, or said appellant was to furnish a new bond on appeal." On October 22d the appellant herein, at the instance and request of Ouellette, signed the undertaking and justified. No objection is made that appellant's signing and justification were not within the purview of the stipulation. Thereafter, and on April 19, 1901, the appeal was dismissed by the district court, though for what cause the record does not show.

The question for decision is, did the district court rightly hold appellant liable upon the undertaking?

By Section 1760 of the Code of Civil Procedure it is laid down that "any party dissatisfied with a judgment rendered in a civil action in a police or justice's court, may appeal therefrom to the district court of the county, at any time within thirty days after the rendition of the judgment. The appeal is taken by filing a notice of appeal with the justice or judge, and serving a copy on the adverse party or his attorney." Section 1763, *id.*, prescribes that an appeal from a justice's court

is not effectual for any purpose unless an undertaking be filed, with two or more sureties, in a sum equal to twice the amount of the judgment, including costs, when the judgment is for the payment of money, and must be conditioned that the appellant will pay the amount of the judgment appealed from, and all costs, if the appeal be withdrawn or dismissed, or the amount of any judgment and all costs that may be recovered against him in the action in the district court. The adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, and, unless they or other sureties justify before the justice or judge within five days thereafter, upon notice to the adverse party, to the amount stated in their affidavits, the appeal must be regarded as if no such undertaking had been given.

The undertaking in this action substantially complies with the conditions of the statute. The notice of appeal and undertaking were filed with the justice within thirty days after the rendition of the judgment. Presumably, the notice was properly served. The district court therefore had jurisdiction of the appeal. We must not confound the jurisdiction which the court then had with what took place after respondent exercised his right to except to the sufficiency of the sureties. (*Carroll* v. *McGee,* 25 N. C. (3 Iredell's Law) 16.) While respondent could not divest the court of the jurisdiction given it by the appeal, yet he could render the appeal ineffectual in case he saw fit to insist upon his exceptions to the sufficiency of the sureties, provided that his objections be not obviated as prescribed by statute; that is, by a justification on part of the same or other sureties or by the giving of a new bond.

The appeal, then, was perfected, subject only to the action of respondent. The undertaking was filed and approved by the court. The statute requiring a justification is directory, and is for respondent's benefit. (*State ex rel. Reins* v. *Sixth Judicial District Court,* 22 Mont. 449, 57 Pac. 89, 145, 74 Am. St. Rep. 618.)

The respondent may waive his privilege of excepting to the

sureties, if he chooses. If he does waive it, no one else can object. So, too, as the statute is for his benefit, he may except to the sufficiency of the sureties, and afterwards withdraw such exceptions; in other words, he may forbear to pursue his advantage.

If the respondent insists that the sureties justify within five days, the statute is mandatory upon the appellant. The sureties must justify, or at least commence to justify, within the period of five days, or others must justify in their stead, or a new bond must be given, upon notice to respondent; otherwise the appeal becomes ineffectual for any purpose.

It will be readily perceived that more than five days might be required to complete the taking of testimony upon a justification. Doubtless such a hearing could be postponed from time to time to suit the convenience of the court, or of the parties upon their stipulation, or because of necessity, as if the justifying surety should be taken ill during the hearing. It is manifest that the statute does not contemplate that the period of five days shall always be deemed a hard and fast limitation. It must be subject to variation, *ex necessitate rei.* Statutes must be liberally construed to maintain the right of appeal. (*Payne v. Davis,* 2 Mont. 381.) This being true, it follows that counsel for appellant and respondent had the right to enter into the stipulation set forth in the record, and the same is binding upon them.

Appellant contends that there was no consideration for his signing. He signed the undertaking and justified within the time fixed in the stipulation. He did so at Ouellette's request. He knew, or should have known, the purpose for which he signed the undertaking, and the object it was intended to accomplish. (*Mueller* v. *Kelly,* 8 Colo. App. 527, 47 Pac. 72.) It was for the purpose of preventing the appeal from becoming ineffectual—for the purpose of maintaining it. Upon the foregoing facts, we think there was sufficient consideration for the undertaking sued on. It was signed "in consideration of the

appeal," and appellant bound himself to pay the amount of the judgment appealed from, and the costs which might be awarded against Ouellette on the appeal, or on a dismissal thereof. It may be that one of the other sureties justified, or that the undertaking was sufficient, in respondent's opinion, after appellant signed. As to that the record is silent. We cannot say that it was not in all respects sufficient after appellant became surety to it; but, whether that be so or not, the record shows that he signed it on the 22d day of October, and that the appeal was not dismissed until the 19th day of April following. The presumption is that appellant received the benefit of having a stay of proceedings between the last-mentioned dates.

In Elliott on Appellate Procedure, Section 357, it is said: "There is a disposition—and it is a commendable one—on the part of the courts to enforce bonds given in legal proceedings wherever it appears that the party whose duty it was to execute a bond has received benefit from the bond, although it may not be well executed, and although there may be some defect of a jurisdictional nature, but not of such a character as to completely deprive the tribunal of jurisdiction. Weight is attached —justly, as we believe—by the better-considered cases, to the fact that the bond has yielded the principal obligor beneficial consideration." (*Braithwaite* v. *Jordan,* 5 N. D. 196, 65 N. W. 701, 31 L. R. A. 238, and cases cited; *Stephens* v. *Miller,* 80 Ky. 47.)

The Supreme Court of California takes the view that, even if an appeal be not secured, this does not operate to render void the undertaking given as required by law to make it effectual, and says: "The sureties on such an undertaking agree to be liable if the appeal be dismissed, and, since the respondent must be at some expense to have even a void appeal disposed of, there is a consideration for the undertaking." (*In re Kennedy's Estate,* 129 Cal. 384, 62 Pac. 64.) We need not go to that extent in this case. As above observed, we think the consideration for this undertaking sufficient.

Appellant's becoming a surety when he did was not contrary

to a mandatory statute, nor was it prohibited by public policy. (*Abbott* v. *Williams,* 15 Colo. 512, 25 Pac. 450.) On the other hand, it was for a good purpose—to preserve to Ouellette his appeal, and to secure to respondent the payment of his judgment, or any that he might recover in the district court. It follows that appellant must discharge the obligation he has voluntarily imposed upon himself.

For the foregoing reasons, we are of opinion that the judgment and order should be affirmed.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.