BUSH, EXECUTRIX, RESPONDENT, *v.* BAKER, APPELLANT.

(No. 3,210.)

(Submitted January 10, 1913. Decided January 25, 1913.)

[129 Pac. 550.]

*Justices' Courts—Appeals—Delay—Dismissal—Abuse of Discretion — Sureties on Undertaking — Justification—Procedure— Waiver—Attorneys—Oral Stipulations—Nonentry on Minutes—Rules of Court—Abuse of Discretion.*

Trial—Exception—Definition.

1. The office of an exception is to reserve a question, arising upon matter in the record, for future consideration either of the trial court or of the court of review and upon which the exceptant claims some right.

Justices' Courts—Appeal—Sureties—Justification—Procedure.

2. *Semble:* In the absence of explicit statutory provision, it would seem that orderly procedure requires the party excepting to the sufficiency of sureties upon an undertaking on appeal from a justice's to the district court to file his exception with the justice in case the papers have not then been transmitted to the district court, or, if they have, with the clerk of the latter court, as a part of the record, and·thereupon give notice of the justification proceedings before the officer who has the record in his control.

Same—Waiver.

3. The right, accorded by section 7124, Revised Codes, to require sureties on an undertaking on appeal from a justice's to the district court to justify is personal to the exceptant, and may therefore be waived by him.

Same—Waiver—Stipulations.

4. Where counsel for the successful party to an action in a justice's court had orally agreed that, owing to illness of opposing counsel, justification of the sureties on an undertaking on appeal to the district court should be deemed sufficient even though not made strictly within the time prescribed by section 7124, Revised Codes, and where, after the sureties had been examined and the undertaking approved, no objection was offered, he will be *held* to have waived any irregularity in this respect.

Same—Appeal—Oral Stipulations—Effect—Nonentry on Minutes—Rules of Court.

5. A rule of the district court that agreements between attorneys, relating to causes pending, will be disregarded by the court unless made in open court and entered in the minutes or reduced to writing subscribed by the party or his attorney against whom they are urged (Rev. Codes, sec. 6389), *held* not to have any application to an executed oral agreement or stipulation admittedly entered into by an attorney (his client not dissenting), who subsequently refused to be bound thereby.

Same—Time for Filing Transcript—Dismissal—Rules of Court—Jurisdiction.

6. The requirement of a district court rule that where, after perfection of an appeal from a justice's court, appellant fails to file the transcript

and papers in the district court within ten days thereafter, such appeal shall be subject to dismissal, *held* not jurisdictional.

Same—Appeal—Duty of Justice—Nonperformance—*Mandamus.*
7. One who appeals from a justice's to the district court and has paid the justice his fee for transmitting the transcript of the cause to the district court, may, if without fault himself, upon failure of the justice so to do within ten days after perfection of the appeal, compel the performance of such duty, and in a flagrant case the court may impose a fine for dereliction on the part of the justice.

Same—Appeal—Delay—Dismissal.
8. The power, discretionary in its nature, lodged by section 7127, Revised Codes, in the district court, to dismiss an appeal from a justice's court for delay in bringing it to a hearing, should not be exercised where there is a reasonable excuse for the delay and where it is apparent that the adverse party has not suffered prejudice by reason of the delay.

Same—Appeal—Dismissal—Abuse of Discretion.
9. *Held,* that the district court abused the discretionary power given it by section 7127, Revised Codes, in dismissing on motion an appeal from a justice' court for alleged lack of diligence in prosecuting it, where counsel for appellant, by reason of illness, was prevented from attending to matters of business, respondent having suffered no detriment or inconvenience from the delay, but rather, by allowing the case to rest for over three months without any effort to have it brought to trial, tacitly acquiesced in the delinquency of the appellant.

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

ACTION by Mary Bush, as executrix of the estate of Mary Miller, deceased, against Charles A. Baker. From a judgment of dismissal of an appeal from a justice's court, defendant appeals. Reversed and remanded.

*Messrs. Baldwin & Baldwin,* for Appellant, submitted a brief; *Mr. James H. Baldwin* argued the cause orally.

The statute requiring the justification of sureties is directory and for the benefit of the respondent. (*Morin* v. *Wells,* 30 Mont. 76, 75 Pac. 688; *State* v. *District Court,* 22 Mont. 449, 74 Am. St. Rep. 618, 57 Pac. 89, 145.) It should be liberally construed to maintain the right of appeal. (*Payne* v. *Davis,* 2 Mont. 381; *Morin* v. *Wells, supra.*) The respondent may waive his privilege of excepting to the sufficiency of the sureties; he may except to their sufficiency and afterward waive jurisdiction or by agreement extend the time within which the sureties may justify. (Rev. Codes, sec. 6181; *Davidson* v. *O'Donnell,* 41 Mont. 308, 110 Pac. 645.)

Respondent waived any right she may have to object. Acquiescence in error takes away the right of objecting to it. (Rev. Codes, sec. 6187.)    She is prevented by estoppel from taking advantage of any right she may have had. (*Bank* v. *Superior Court,* 106 Cal. 43, 39 Pac. 211; *Budd* v. *Superior Court,* 14 Cal. App. 256, 111 Pac. 628.)    The waiver may also arise through laches. (*Budd* v. *Superior Court,* 14 Cal. App. 256, 111 Pac. 628; *La Dow* v. *Superior Court,* 11 Cal. App. 308, 104 Pac. 838.) Her attorney admitted service of appellant's motion for leave to amend answer, had the names of Nolan & Donovan entered of record in the district court as associate counsel for respondent, and appeared generally on the hearing of appellant's motion to amend answer.    As the result, any defect or irregularity in perfecting the appeal was waived. (*Eadie* v. *Eadie,* 44 Mont. 391, 120 Pac. 239; *Davidson* v. *O'Donnell,* 41 Mont. 308, 110 Pac. 645; *State* v. *Dist. Court,* 40 Mont. 359, 135 Am. St. Rep. 622, 106 Pac. 1098; *Payne* v. *Davis,* 2 Mont. 381; *Multnomah etc. Co.* v. *Weston Co.,* 54 Or. 22, 99 Pac. 1046, 1048, 102 Pac. 1; *Rogers* v. *McCord,* 19 Okl. 115, 91 Pac. 864; *Snyder* v. *Wooden,* 11 Idaho, 150, 81 Pac. 377; *Zobel* v. *Zobel,* 151 Cal. 98, 90 Pac. 191; *Hestres* v. *Clements,* 21 Cal. 425.)

If there was any defect or irregularity in the proceeding, it did not affect any substantial right of respondent, and should have been disregarded by the court below.    The justification of sureties has its origin in the fear of the exceptant that the surety may not be financially able to respond upon a breach of the obligation, and its object, as was said in *Stark* v. *Barrett,* 15 Cal. 364, is to afford the adverse party an opportunity to test by personal examination the responsibility of the sureties. (*Bank* v. *Superior Court,* 106 Cal. 43, 39 Pac. 211; *La Dow* v. *National etc. Co.,* 11 Cal. App. 309, 104 Pac. 838.)    Respondent's counsel was present at the time the sureties justified.    The object of the statute requiring justification of sureties was attained.    Acting for her he consented that the sureties should be approved.    No substantial right of respondent was affected. He who consents to an act is not wronged by it. (Rev. Codes, sec. 6183; *Ivey* v. *La France Copper Co.,* 45 Mont. 71, 121 Pac.

1061; *Eadie* v. *Eadie, supra; Consolidated G. & S. M. Co.* v.
*Struthers,* 41 Mont. 551, 11 Pac. 150.)

An appeal will not be dismissed on the ground that the record
on appeal was not filed within the time specified by statute or
rule of court when the record has been filed before the motion
to dismiss. (*Stevenson* v. *Caldwell,* 14 Mont. 311, 36 Pac. 185;
*Eagle Co.* v. *Lund,* 15 N. M. 696, 113 Pac. 840, 841; *Johnson*
v. *San Juan Fish etc. Co.,* 30 Wash. 162, 70 Pac. 254; *Perkins*
v. *Boyd,* 17 Colo. App. 447, 68 Pac. 1062; *De Foe* v. *Zenith Coal
Co.,* 14 N. D. 236, 103 N. W. 747; *Hanley* v. *Kraftczyk,* 119 Wis.
352, 96 N. W. 820; *Street* v. *Street,* 113 Ala. 333, 21 South. 138;
*Foy* v. *Grey,* 148 N. C. 436, 62 S. E. 523; *Long* v. *Farmers'
State Bank,* 147 Fed. 360, 77 C. C. A. 538, 9 L. R. A., n. s., 585;
*McDonogh* v. *Millaudon,* 3 How. (U. S.) 693, 11 L. Ed. 787.)

After the appellant has made amends for his shortcoming, it
is too late for the respondent to move that the appeal be dis-
missed on the ground that the papers were not filed in the ap-
pellate court within the time specified by statute or rule of
court. (*Hagin* v. *Collins,* 15 N. M. 621, 110 Pac. 840; *Dorman*
v. *McDonald,* 47 Fla. 252, 36 South. 52; *Welch* v. *National etc.
Co.,* 103 Ky. 192, 44 S. W. 640; *Atascosa Co.* v. *Alderman* (Tex.
Civ. App.), 91 S. W. 846, 847; *Craddock* v. *Barnes,* 140 N. C.
428, 53 S. E. 239; *Taylor* v. *Leesnitzer,* 220 U. S. 90, 55 L. Ed.
383.)

An appeal will not be dismissed on the ground that the papers
were not filed in time unless respondent shows that he has suf-
fered injury because of the delay. (*Stevenson* v. *Caldwell,* 14
Mont. 311, 36 Pac. 185; *Perkins* v. *Boyd,* 17 Colo. App. 447, 68
Pac. 1062; *Dunniway* v. *Larson,* 2 Idaho, (600) 632, 23 Pac. 78;
*Driscoll* v. *Durfur,* 45 Wash. 494, 88 Pac. 929; *De Foe* v. *Zenith
Coal Co.,* 14 N. D. 236, 103 N. W. 747.)

*Mr. N. A. Rotering, Mr. Peter Breen,* and *Messrs. Nolan &
Donovan,* for Respondent, submitted a brief; *Mr. L. P. Donovan*
argued the cause orally.

The rule of court involved in this case, with which counsel
must be assumed to be familiar, allows a period of ten days only

within which to file the transcript after the taking of the appeal. The court had full power to make the rule above quoted and to enforce the same. (*McKay* v. *Superior Court,* 86 Cal. 431, 25 Pac. 10; *Meyers* v. *Gregans,* 20 Mont. 450, 52 Pac. 83; *Behymer* v. *Superior Court,* 18 Cal. App. 464, 123 Pac. 340.)

In 24 Cyc. 705, the author states the rule applicable to such cases in the following words: "Where the delay (in filing the transcript on appeal) is attributable to the fault or negligence of the appellant or his attorney, and no adequate excuse is shown, the appeal will be dismissed." And the following cases, among others, are cited and support the text: *Wilson* v. *Starks,* 48 Ark. 73, 2 S. W. 346; *Washington* v. *Marcrum,* 106 Ga. 300, 31 S. E. 779; *Davis* v. *Luark,* 34 Ind. 403; *Bush* v. *Doy,* 1 Kan. 86; *Warner* v. *Donahue,* 99 Mo. App. 37, 72 S. W. 492; *Miller* v. *Walker,* 72 Neb. 660, 101 N. W. 332; *Carden* v. *Bailey,* 87 Ark. 230, 112 S. W. 743; *Brewing Assn.* v. *Bowling Assn.,* 134 Mo. App. 312, 114 S. W. 90; *McKenzie* v. *Dev. Co.,* 151 N. C. 276, 65 S. E. 1003; *Haukland* v. *Minneapolis & St. Louis Ry. Co.,* 11 S. D. 493, 78 N. W. 958. Neither the statute nor the rule contains any limitation to the effect that the motion to dismiss must be made before the transcript is actually filed. The rule plainly contemplates that the appeal shall be dismissed as a matter of course, where the transcript is not filed within ten days after the taking of the appeal, unless the appellant can show good cause for his failure to file. The courts have held that the appeal should be dismissed where the transcript was not filed within time, regardless of whether the motion to dismiss was made before or after the actual filing of the transcript. (*Meyers* v. *Gregans,* 20 Mont. 450, 52 Pac. 83; *McKay* v. *Superior Court,* 86 Cal. 431, 25 Pac. 10; *Behymer* v. *Superior Court,* 18 Cal. App. 464, 123 Pac. 340; *Haukland* v. *Minneapolis & St. Louis Ry. Co.,* 11 S. D. 493, 78 N. W. 958.)

Under section 6389, Revised Codes, and the rule of court on the same subject, the district court was well warranted in disregarding entirely the affidavits of John T. Baldwin and James H. Baldwin relating to an alleged oral agreement between themselves and Mr. Rotering. We believe that the above rules were

intended for the protection of members of the bar as well as of the courts, and the purpose of the same is to avoid unseemly wrangles among the members of the bar. A member of the bar should not be compelled to match his oath against the oath of the attorneys for the adverse party and to enter into any contest of affidavits against affidavits. Mr. Rotering properly declined to take any step in this case whereby he should at least by implication accuse the attorneys for the adverse party of making false statements, and whereby he should also expose himself to the same accusation by them. Under the above statute and rule an attorney is not at liberty to allege a pretended oral agreement, and thereby put the attorney for the adverse party upon his defense. On the contrary, the court itself should protect the attorney for the adverse party and disregard absolutely the alleged oral agreement. The district court was at liberty to disregard the affidavits so far as they related to this oral agreement, and apparently it so disregarded them. In doing so the court was supported by authority. (*Martin* v. *De Loge,* 15 Mont. 343, 39 Pac. 312; *Beach* v. *Spokane Ranch & Water Co.,* 21 Mont. 184, 53 Pac. 493; *McWhirter* v. *Donaldson,* 36 Utah, 293, 104 Pac. 731.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was commenced in a justice's court in Silver Bow county on July 15, 1911. At the conclusion of a trial had on August 3 the justice reserved a decision until August 7, when he found the issues in favor of the plaintiff and rendered judgment accordingly. On September 6 counsel for defendant served upon counsel for the plaintiff and filed with the justice his notice of appeal to the district court. At the same time he filed with the justice the undertaking required by the statute. On September 9 Mr. Rotering, one of counsel for plaintiff, served upon John T. Baldwin, a member of the firm of Baldwin & Baldwin who were representing the defendant, a notice that plaintiff excepted to the sufficiency of the sureties on the undertaking. At that time James H. Baldwin, the other member of

the firm, who had theretofore had exclusive personal charge of the case, was ill at his home under the care of a physician unable to attend to any business, and continued thereafter in that condition until September 14. The notice of exception was not filed with the justice until September 16. At the time the service of the notice was made upon John T. Baldwin, he stated to Mr. Rotering that he was not familiar with the proceedings in the case; that the defense therein had theretofore been in the exclusive charge of James H. Baldwin, and that he would prefer to have service of the notice made personally upon James H. Baldwin. He requested Mr. Rotering to make personal service upon James H. Baldwin. This Mr. Rotering consented to do. On September 11 James H. Baldwin being still suffering from illness, John T. Baldwin went to the office of Mr. Rotering, and, having called his attention to the conversation had on September 9, informed him of the condition of James H. Baldwin and requested him to consider service of the notice to have been made as on the latter day, and justification of the sureties in pursuance thereof sufficient if made at any time on or before September 16. This request was granted and an agreement was made accordingly. On September 14 James H. Baldwin, being able to leave his home for a short time, went to the office of Mr. Rotering and inquired of him as to the agreement with John T. Baldwin. He was informed that the agreement had been made as John T. Baldwin stated, and that the justification would be deemed sufficient if had in conformity with it. On September 15 he gave to Mr. Rotering the statutory notice that he would have the sureties present before the justice at 4 o'clock on the afternoon of September 16. Mr. Baldwin and the sureties were present at the appointed time, as was also Mr. Rotering, and after the sureties had been examined by the justice, the undertaking was approved. Mr. Rotering offered no objection. He at that time filed with the justice his notice of exception to the sufficiency of the sureties, as has heretofore been stated. Thereafter nothing was done until toward the end of October, when James H. Baldwin paid the justice his transcript fee and the clerk of the district court his filing fee. Within ten days

thereafter the justice transmitted the papers to the clerk and they were properly filed. The case was then under the rules of the court assigned to department 1, and appeared upon the calendar of cases awaiting trial in that department thereafter, prepared and published by the clerk on January 29, 1912. No proceedings were thereafter had in the case until February 13. On that date James H. Baldwin filed with the clerk a motion for leave to amend the answer, and gave notice to counsel for the plaintiff that he would call up this motion on February 19. On the following day counsel for plaintiff gave notice that they would on the nineteenth move for a dismissal of the appeal, on the grounds (1) that the court was without jurisdiction of the appeal, because the defendant had failed to have the sureties justify within the time prescribed by the statute, and (2) that the defendant had failed to pay the transcript fee of the justice and have the papers filed in the district court within the time prescribed by the rule of court upon that subject. These motions were heard together on March 11 and taken under advisement. At that time there were called to the attention of the court affidavits in opposition to the motion to dismiss the appeal, by John T. and James H. Baldwin, stating in detail the facts touching the condition of the health of the latter, the connection of the two with the defense in the case, and the agreement as to the service of notice and the justification of the sureties upon the undertaking on appeal. It further appears that the ill-health of James H. Baldwin continued until and including November 2, when the papers were filed with the clerk, and that he was during the interval in the care of a physician; that he was "hardly able to attend to business of any kind"; that owing to the condition of his health he failed to remember that the papers had not been filed with the clerk until the latter part of October, when he paid the necessary fees to the justice and the clerk; and that within ten days thereafter the papers were properly filed and the case placed upon the calendar for hearing. It is further alleged by James H. Baldwin that he is fully acquainted with all the facts relating to the issues in the case, and that he is of the

opinion that defendant has a meritorious defense. No counter-affidavits were filed. The foregoing narrative of facts is, therefore, to be taken as true. On March 25 the court denied defendant's motion for leave to amend and ordered judgment entered dismissing the appeal. Subsequently, and prior to the entry of judgment, the defendant moved the court to reinstate the appeal. This motion was also denied. The appeal to this court is from the judgment.

Under the rules of the court the clerk is required to prepare and publish on the last Saturdays in February and August of each year a calendar of cases in which notes of issue have been filed before the first days of these months. No other cases can be placed thereon except by order of the court on good cause shown. The note of issue in any case may be filed by either party. The cases are then placed upon the calendar in the order in which the notes of issue have been filed. The rules contain these provisions:

"No agreement or consent between the parties or their attorneys, in respect to the proceedings in the cause, will be regarded by the court, unless the same shall have been made in open court, and at the time entered in the minutes, or unless the same shall be in writing, subscribed by the party against whom the same may be alleged or his attorney. And it shall be the duty of the party relying upon any minute entry to see that the same is duly made.

"Whenever an appeal from a justice's court has been perfected, and the appellant therein fails to file a transcript and the papers in the case in the district court within ten days from the time of perfecting such appeal, the respondent in such case may obtain the certificate of the justice, certifying the amount or character of the judgment, the date of its rendition, the fact and date of the filing of the notice of appeal and the fact and date of service thereof and character of evidence by which service appears, the fact and date of filing the undertaking on appeal and the amount thereof, and also that appellant has requested and received a duly certified transcript, or that he has not received the same; or if he has made such

request, that he has not paid the fees therefor if the same have been demanded; and, on filing such certificate with the clerk of the district court and giving five days' notice to appellant, may have such appeal dismissed on the first motion day thereafter, and such dismissal shall be a bar to another appeal in the same action. An appeal dismissed under this rule may be restored on notice to the opposite party, on good cause shown.''

The provision of the statute authorizing the adverse party to require the sureties on an undertaking on appeal from a justice's court to justify is the following: ''The adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, and unless they or other sureties justify before the justice or a judge of the district court of the county in which such action has been tried within five days thereafter, upon notice to the adverse party, to the amounts stated in their affidavits, the appeal must be regarded as if no such undertaking had been given.'' (Rev. Codes, sec. 7124.)

It is contended by counsel for defendant that the sureties in this case justified in time, because the exception to their sufficiency was not filed with the justice until September 16, and that therefore the defendant was not obliged to have them justify before that time. He also contends that the right to require justification is personal to the exceptant and that by her conduct the plaintiff waived her right to object that the justification was not had in strict conformity with the statute. We shall not stop to determine the merit of the first contention. We are inclined to the view that to be effectual for any purpose, the exception should be filed with the justice, if the papers have not already been transmitted to the district court (sec. 7123), or, if such is the case, with the clerk of the district court. The statute is not more explicit with reference to the exception than it is with reference to the giving of notice. The office of an exception is to reserve a question arising upon [1] matter in the record, for future consideration either of the trial court or of the court of review and upon which the exceptant [2] claims some right. It would seem that orderly procedure would require the exceptant to file his exception as a part of the

record, and then give notice that the justification proceedings would take place before the officer who has the record in his control. However this may be, upon the facts appearing in the record, the plaintiff, we think, waived her right to object that the proceedings were not had in conformity with the requirements of the statute.

The right to require justification is personal to the exceptant, [3] and is accorded to him by the statute in order that he may test, by personal examination, the ability of the sureties to respond in damages upon a breach of their obligation. (*Stark* v. *Barrett,* 15 Cal. 362; *Bank of Escondido* v. *Superior Court,* 106 Cal. 43, 39 Pac. 211.) When the undertaking has been given, accompanied by the formal affidavits required by the statute (sec. 7195, Rev. Codes), the right to the appeal is made effectual, subject only to the right of the adverse party to test the responsibility of the sureties and thus protect himself from possible loss. Since the privilege thus accorded to him is personal, he may waive it entirely, either by failing to file the exception at all, or by withdrawing his exception after he has taken it and given notice of it. (*Morin* v. *Wells,* 30 Mont. 76, 75 Pac. 688; *Davidson* v. *O'Donnell,* 41 Mont. 308, 110 Pac. 645; Rev. Codes, sec. 6181; *Bank of Escondido* v. *Superior Court, supra; Blair* v. *Hamilton,* 32 Cal. 50.) The case of *Morin* v. [4] *Wells, supra,* is in principle directly in point here. The respondent having excepted to the sufficiency of the sureties, they failed to justify within five days. Thereupon counsel stipulated for an extension of time. Within such time the sureties appeared and justified. It was held that the stipulation was binding, and hence that the sureties were liable on the undertaking notwithstanding the justification was not in conformity with the statute.

That the admitted facts here show a waiver by plaintiff cannot be questioned. To hold otherwise would be to say that a party may profit by his own wrong. But counsel for plaintiff [5] insist that since the agreement between counsel was oral, it falls within the rule, and hence that the court properly disregarded it. That it was within the power of the court to adopt

the rule cannot be questioned. (*Martin* v. *DeLoge,* 15 Mont. 343, 39 Pac. 312; *Montana Ore Pur. Co.* v. *Boston & Mont. C. C. & S. Min. Co.,* 27 Mont. 288, 70 Pac. 1114; *Beach* v. *Spokane R. & W. Co.,* 21 Mont. 184, 53 Pac. 560; Rev. Codes, sec. 6293.) But the purpose of such a rule is to promote orderly procedure and protect the rights of litigants, and may not be invoked to perpetrate a wrong. The rule in question here was enacted to relieve the presiding judge of the necessity of determining controversies between counsel as to their unexecuted agreements, often more perplexing than the case itself. (*Borkheim* v. *Insurance Co.,* 38 Cal. 623.) Neither it nor the statute invoked by counsel (sec. 6389, Rev. Codes) was intended to prevent the court from enforcing "executed oral agreements or stipulations admitted by the party or his attorney against whom they are alleged, although neither reduced to writing nor made in open court." (*Beach* v. *Spokane R. & W. Co., supra.*) In considering an identical provision of the Code of Civil Procedure of California, in *Reclamation District etc. of Sacramento Co.* v. *Hamilton,* 112 Cal. 603, 44 Pac. 1074, the supreme court of that state said: "If, under the terms of a mutual stipulation which was only verbal, one party has received the advantage for which he entered into it, or the other party has at his instance given up some right or lost some advantage, so that it would be inequitable for him to insist that the stipulation was invalid, he will not be permitted to repudiate the obligation of his own agreement upon the ground that it had not been entered in the minutes of the court." While there can be no specific performance of such agreements (*Borkheim* v. *Insurance Co., supra*), to hold that where an attorney admits that he has made an agreement and permitted his adversary to act upon it, the client, not interfering or dissenting, shall not be held to be bound by it would be to convert both the statute and the rule into mere devices to promote injustice and wrong.

The last requirement of the rule is not in any sense jurisdictional. (*Stevenson* v. *Cadwell,* 14 Mont. 311, 36 Pac. 185.) There [6] is no provision in the statute requiring the papers to be filed in the district court within any specified time. True, section 7123,

*supra,* commands the justice to transmit them to the clerk within
[7]   ten days after the appeal is perfected, if his fees have been
paid.   No penalty is exacted of appellant if he fails to do so.   If
the appellant is not at fault, he may invoke the power of the
court to compel the performance of this duty, and in flagrant
cases the court may impose a fine for dereliction on the part
of the justice.   The purpose of the last provision of the rule
is to require prompt action on the part of the appellant in so
far as he is responsible for the filing of the papers, and subjects
him to the penalty of dismissal if without excuse he is guilty
of laches.   In terms it applies only to those cases in which the
appellant has failed to pay the fees of the justice and thus made
it incumbent upon him to act, or to cases in which the papers
have been delivered to the appellant and he has failed to have
them filed with the clerk within the prescribed time.   Though he
lodges the papers with the clerk, yet if he fails to pay the clerk's
fees, the clerk is not bound to file them.   Under these circum-
stances the rule will also apply.   It was intended to prevent
the appellant from holding the appeal in abeyance and prevent-
ing the adverse party from bringing the case to a hearing in the
district court.   After the papers have been filed the rule has
no application, and whether the appeal should then be dismissed
is to be determined upon the facts as they are made to appear
upon the hearing of the motion.

The statute declares: ''For a failure to prosecute an appeal,
or unnecessary delay in bringing it to a hearing, the district
[8]   court may order the appeal to be dismissed, with costs.''
(Rev. Codes, sec. 7127.)   This means nothing more nor less than
that the court is clothed with a discretionary power, to be exer-
cised against the appellant only when he has been guilty of inex-
cusable neglect or inadvertence.   The appeal should be retained
in all cases where there is a reasonable excuse for the delay, and
it is apparent that the adverse party has not suffered prejudice
by reason of the delay.   (*Stevenson* v. *Cadwell, supra.*)

Now, what are the circumstances which may be treated as
excusatory of the defendant's laches in this case?   It must be
borne in mind that by the stipulation of counsel, John T.

[9] Baldwin's connection with the case, so far as counsel for the plaintiff is concerned, was entirely severed. The implication was that James H. Baldwin was thereafter to be regarded as the only counsel representing the defendant. He was in ill health all the time intervening between the date of the perfection of the appeal and the time the papers were lodged with the clerk of the district court. During this interval he was under the care of a physician and experienced difficulty in attending to business of any kind. It is not strange that in this condition he should overlook the appeal and fail to prosecute it with the same degree of diligence that he would have exercised, and that he would have been required to exercise, had his condition been otherwise. Moreover, after he had caused the papers to be filed, counsel for plaintiff allowed the case to stand for three months and ten days. In the meantime a note of issue must have been filed prior to January 29, for the case was placed upon the calendar for trial without protest or objection. The record is silent as to who filed the note of issue. If this was done by counsel for plaintiff, it amounted to a waiver of defendant's laches. If it was done by counsel for defendant, it amounted to notice that he would proceed at once with the trial, and the silence of adversary counsel thereafter should be deemed to imply consent to try the case on the merits. Finally, when counsel for defendant began to get ready for the trial, the court was asked to dismiss the appeal upon grounds which were purely technical, though the plaintiff, so far as now appears, had suffered no detriment or inconvenience whatever. Let it be conceded that counsel for defendant ought to have been more diligent, the plaintiff cannot, under the circumstances, claim to have been more so, for, indeed, by her long delay she should be held to have acquiesced in the fault of her adversary, and this, considered in connection with the condition of the health of defendant's counsel, should have led the court to exercise its discretion in favor of the appeal, by a denial of the motion.

Counsel for plaintiff cite and rely on the case of *Meyers* v. *Gregans,* 20 Mont. 450, 52 Pac. 83. In that case, however, the

appellant wholly failed to allege any excuse for his delay. For this reason the appeal was properly dismissed.

We think the facts of this case bring it within the principle of the decision in *Stevenson* v. *Cadwell, supra,* and that the district court abused its discretion in holding otherwise.

The judgment is reversed and the cause is remanded, with direction to set aside the judgment and to try the issues on the merits.

*Reversed and remanded.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SANNER concur.