State, *ex rel.* Johnson, *v.* Dyer.

Filed Jan. 8, 1885.

---

No. 12,016.

## STATE, EX REL. JOHNSON, *v.* DYER.

MANDAMUS.—*Signing Bill of Exceptions by Judge after Time Limited.—Absence from State.—Diligence.*—A writ of mandate will not be awarded against a judge to compel him to sign a bill of exceptions after the time limited, where he was absent from the State when the time expired, if the applicant for the writ fails to show proper diligence in presenting the bill for signing after his return. An unexplained delay of fifty days shows want of diligence.

Application for mandamus.

*C. A. DeBruler, W. P. Edson* and *E. D. Owen,* for appellant.
*A. P. Hovey* and *G. V. Menzies,* for appellee.

ELLIOTT, J.—The relator is the appellant in the case of *Johnson* v. *Gorham,* now pending in this court, and seeks by the present petition to obtain a mandate against the judge who tried the case, compelling him to sign a bill of exceptions.

It is alleged in the petition that the Honorable Azro Dyer, judge of the superior court of Vanderburgh county, was called to try the case by the judge of the Posey Circuit Court; that, upon overruling the motion for a new trial, the special judge of that court granted ninety days in which to

prepare and file a bill of exceptions; that within the time limited the appellant prepared a correct bill and took it to the residence of Judge Dyer for the purpose of having it signed; that the judge was absent from the State, and had been for a long time in the State of California; that the bill was presented to the judge of the circuit court, who declined to sign it, and it was then filed with the clerk of that court. It also appears that on the 17th day of October, 1884, the bill was presented to Judge Dyer, who made the following endorsement: "The foregoing document was this day presented to me for my signature, and I decline to sign the same for the reason that the time given for signing the bill of exceptions has expired. I will add that I was absent from the State of Indiana from July 5th to August 28th, 1884, but during all other times within the last six months I have been residing and present in the said State of Indiana."

We think that the writ must be refused for the reason that it is not shown that the appellant exercised proper diligence. It was his duty to have proceeded more diligently than he has done, for the delay, from the time Judge Dyer returned from California until the 17th day of October, was unreasonable. The document prepared by the appellant was not ready for signing until the last day of the time allowed by the court, and conceding that this was in time, still the unexplained delay from the return of Judge Dyer, on the 28th of August until the 17th day of October, constitutes such laches as precludes the appellant from securing the relief he seeks. It may be true that a judge, who grants time in which to file a bill of exceptions, can not, by his absence from the State, deprive the party of his bill, but a party can not unreasonably delay the presentation of the bill after the return of the judge. The allowance of time in which to file the bill is the grant of a privilege, and the party to whom it is granted will lose it unless he acts with reasonable diligence. It is important that delay should not be allowed, for bills of exceptions containing the evidence should be pre-

pared and signed while the matter is still in the memory of court and counsel. A party can not secure a writ of mandate in such a case as this unless he shows that he has acted with diligence and promptness.

Demurrer to petition sustained.    Writ refused.

