[No. 12005.        Department Two. — November 22, 1889.]

## J. A. ROBERTSON, RESPONDENT, *v.* CHARLES E. WILLIAMS, APPELLANT.

ORAL STIPULATIONS — EXCUSABLE NEGLECT — SURPRISE. — While oral stipulations are not binding, yet reliance upon the word of a reputable attorney may be excusable neglect, for which relief may be granted on the ground of surprise. Instance.

ID. — RELIEF TO BE REFUSED IN A DOUBTFUL CASE. — If the fact of the stipulation be disputed, it may be proper to refuse relief on account of the practical difficulty of investigations of that character. But it is otherwise where the fact is virtually admitted.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*J. N. E. Wilson,* and *James M. Troutt,* for Appellant.

*Taylor & Craig,* for Respondent.

HAYNE, C. — This was an action for malicious prosecution. The trial took place in the absence of the defendant and his counsel, and resulted in a verdict for fifteen hundred dollars, for which judgment was entered. The defendant moved for a new trial on the ground of

accident, surprise, etc., which motion was denied. The appeal is from the judgment, and the order denying a new trial. But the sole point made is that the trial court ought to have granted a new trial on the ground of surprise, and to this we agree.

There were no opposing affidavits. It therefore stands virtually admitted that the absence of the defendant and his attorney was caused by their reliance upon the promise of the plaintiff's attorney to notify the defendant's attorney before taking up the case, and the failure to comply with such promise. It is true that this promise was verbal, and therefore that it could not be enforced as such. But it seems to us that reliance upon the word of a reputable attorney is excusable neglect, for which relief may be given so far as to set aside the advantage taken in violation of the promise. If the promise had been denied, then we think that in view of the practical difficulty of investigations of that character it would have been proper to refuse relief. But the fact being virtually admitted, we think that the motion should have been granted.

The learned counsel for the respondent intimates in his brief that the promise was made so long before the trial that he had forgotten about it. But the affidavits do not show this; and if they did, it is evident that the plaintiff's attorney had not forgotten the promise, but relied upon it.

No objection is taken to the sufficiency of the record, and we assume, in consequence, that any objections which exist are waived.

We therefore advise that the judgment and order appealed from be reversed, and the cause remanded for a new trial.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed, and the cause remanded for a new trial.