CALVIN BEACH ET AL., APPELLANTS, *v.* SPOKANE RANCH AND WATER CO., RESPONDENTS.

[Submitted May 13, 1898. Decided June 13, 1898.]

*Stipulations of Attorneys—Laches.*

1. An order cannot be based upon a stipulation between the attorneys in the case, where the stipulation is denied by one of the attorneys, and it was neither made in writing, nor made in open court and entered in the minutes. (Section 398, Code of Civil Procedure, and Rule 21, First District Court, construed.)
2. It cannot be claimed that an order was based upon Section 774, Code of Civil Procedure, which provides for relief on the ground of mistake, inadvertance, surprise or excusable neglect, when the application for the order was not made for any such relief.
3. One who applies for the modification of an order within a reasonable time after he has received notice that the same has been made, is not guilty of *laches*.

*Appeal from District Court, Lewis and Clarke County.*

ACTION by Calvin Beach and others against the Spokane Ranch & Water Company. An order was made granting additional time to prepare a bill of exceptions and move for a new trial, the order reciting that it was made with plaintiffs' consent. From an order denying a motion to strike out this recital, plaintiffs appeal. Reversed.

*McConnell & McConnell*, for Appellants.

*Sanders & Sanders*, for Respondent.

PIGOTT, J. Appeal from a special order made December 28, 1897, after final judgment. On October 11, 1897, the

district court made the following order, which was entered in the minutes: "On motion of counsel for defendant, and by consent of plaintiffs, court this day granted 30 days additional time to defendant in which to prepare, serve, and file statement on motion for new trial and bill of exceptions herein." On December 28, 1897, plaintiffs moved the court to correct the order so entered by striking out such portion thereof as shows the consent of plaintiffs thereto. After a hearing an order was made denying the motion, and from this order plaintiffs appeal.

Testimony was given tending to prove prior oral consent out of court by counsel for plaintiffs to the extension of 30 days which the order granted; while plaintiffs' counsel testified to the effect that such consent was to an enlargement of 10 days only. It clearly appeared, however, that whatever agreement was made or consent given was oral only, and p. ior to October 11, and was not made or given in court.

We think the motion should have been granted. Subdivision 1, of Section 398, of the Code of Civil Procedure enacts that an attorney and counselor has authority "to bind his client in any steps of an action or proceeding by his agreement filed with the clerk, or entered upon the minutes of the court, and not otherwise." Rule 21 of the court below is as follows: "Agreements. No agreement or consent between the parties, or their attorneys, in respect to the proceedings in a cause, will be regarded by the court, unless the same shall have been in open court and at the time entered in the minutes, or unless the same shall have been in writing, subscribed by the party against whom the same may be urged, or by his attorney. And it shall be the duty of the party relying upon any such minute entry to see that the same is duly entered."

It is, perhaps, scarcely necessary to observe that neither the statute nor the rule quoted was designed to prevent the enforcement by the courts of executed oral agreements or stipulations admitted by the party or his attorney against whom they are alleged, although neither reduced to writing

nor made in open court. (*Reclamation Dist.* v. *Hamilton,* (Cal.) 44 Pac. 1074; *Johnson* v. *Sweeney,* (Cal.) 30 Pac. 540; *Smith* v. *Whittier,* (Cal.) 30 Pac. 529; *Simpson* v. *Budd,* (Cal.) 27 Pac. 758.)   But in the case at bar the oral agreement which defendant claims was made out of court by plaintiffs' counsel is denied by them, and it is affirmatively shown that plaintiffs' attorneys were not present when the order of October 11th was made, and hence under the command of the statute, the court should have disregarded it. The presumption that the order stated the fact in respect of consent was rebutted by undisputed proof.   Montana adopted Section 398 from California after interpretation by the courts of that state.  As said by Mr. Justice Harrison, speaking for the court in *Smith* v. *Whittier, supra,* the obvious purpose of the section is to provide that, "whenever the attorney shall enter into an agreement for the purpose of binding his client, there shall be such record thereof as will preclude any question concerning its character or effect, and that the extent of the agreement may be ascertained by the record—if oral, that it shall be entered in the minutes; and if written that it shall be filed with the clerk." The statute plainly contemplates that the agreement, unless in writing, shall be made or ratified in open court.    No claim is advanced that the agreement alleged complied with either requirement.

Whether, within the principles announced in *Stevenson* v. *Cadwell,* 14 Mont. 311, 36 Pac. 185; *Martin* v. *De Loge,* 15 Mont. 343, 39 Pac. 312; *Symons* v. *Bunnell* (Cal.) 20 Pac. 859, and *United States* v. *Breitling,* 20 How. 252—and under the circumstances disclosed—the court rightly suspended Rule 21, *supra,* so as to except the case at bar from its operation, we do not decide.   It is sufficient to hold that the provision of the statute has been disregarded.   Neither in their briefs nor oral arguments have counsel cited or called attention to Section 398, from which we infer that the error committed by the learned trial judge was occasioned by the omission of counsel to invoke the enforcement of its provisions.

Defendant insists with earnestness that the attorneys for plaintiffs delayed moving a correction of the order for some 46 days after obtaining knowledge of its existence, and are therefore guilty of *laches*.  It appears, however, that the 30 days' extension had expired before they were advised of the order, and that they proceeded without unreasonable delay to attack its integrity; and it further appears that defendant served its proposed statement within the time granted by the order.  So it would seem that defendant was not injured, nor its legal rights imperiled or invaded, by the delay.

It is further contended that, under the provisions of Section 774 of the Code of Civil Procedure, the court below might have relieved defendant against a proceeding taken against it through its mistake, inadvertence, surprise or excusable neglect.  But defendant did not ask for such or any relief.  Conceding as correct the doctrine of *Stonesifer* v. *Kilburn* (Cal.) 29 Pac. 332, and *Robertson* v. *Williams*, 81 Cal. 268, 22 Pac. 665, the facts in this case do not warrant its application.

Defendant next urges that the motion was rightly denied because plaintiffs, on November 10th, accepted the proposed statement, offered amendments thereto, and participated in the settlement, all without protest or objection.  If this be true, there can be no doubt that plaintiffs may not successfully complain of the service out of time; for the objection that the proposed statement was not served in time must be reserved before offering amendments, or at the time they are offered, and, if not so reserved, the objection is forever waived.  (Hayne on New Trials and Appeal, Secs. 145, 146; *Harrigan* v. *Lynch*, 21 Mont. 36, 52 Pac. 642; *Sweeney* v. *Great Falls and Canada Railway Co.*, 11 Mont. at page 37, 27 Pac. 348.)  There is, however, nothing in the record certified to us which tends to support the assertion of counsel; and, if there were we do not perceive in what way such fact could enable us to say, upon the present appeal, that the order of October 11th should stand.  The sole question presented is whether the court below, in making that part of the order attacked, failed to observe and give effect to the provisions of

Section 398 prescribing the manner in which attorneys may exercise their authority.

Holding, as we do, that the supposed agreement recited in the order of October 11th was not made in the mode prescribed by the statute, it follows that the order of December 28, 1897, must be reversed, and the court below directed to correct the order of October 11th by striking therefrom the words, "by consent of plaintiffs;" and it is so ordered.

*Reversed.*

PEMBERTON, C. J., and HUNT, J., concur.