PER CURIAM.—For the reasons stated in the foregoing opinion, the order appealed from is affirmed.

---

STATE EX REL. BEACH ET AL., RELATORS, *v.* DISTRICT COURT, DEPARTMENT No. 1, LEWIS AND CLARKE COUNTY, RESPONDENT.

(No. 1,714.)

(Submitted November 19, 1903.   Decided December 12, 1903.)

*Mandamus — Requirements of Application—Laches—Motion to Quash.*

1.  To warrant the awarding of a writ of *mandamus,* the petition must show on its face a clear right to the relief sought by the relator.
2.  The writ of *mandamus* will not be issued to compel the performance of an act which would be useless, ineffectual, or unavailing as a remedy or beyond the power or duty of respondent to perform.
3.  The writ of *mandamus* may, in the discretion of the court, be refused if laches or long delay in making the application appears, and there is no showing to explain or excuse its existence.

4.  A motion to quash an alternative writ of *mandamus* challenges both the sufficiency of the writ, and also the sufficiency of the affidavit upon which the writ is based.
5.  An altenative writ of *mandamus* to compel a district court to amend a statement on a motion for a new trial will be quashed on motion where the application fails to show that the motion for a new trial has not been decided.
6.  A delay of four years in making an application for a writ of *mandamus* to compel a court to amend a statement on motion for a new trial, and an additional delay of two years after the alternative writ was ordered before it was issued, authorizes the court issuing it to quash the writ on motion.

WRIT of mandate by the state, on the relation of Calvin Beach and others, against the district court, Department No. 1, Lewis and Clarke county. Alternative writ quashed, and proceedings dismissed.

*Messrs. McConnell & McConnell,* for Relators.

*Messrs. Sanders & Sanders,* and *Messrs. Toole & Bach,* for Respondent.

MR. COMMISSIONER CLAYBERG prepared the opinion for the court.

Application for *mandamus.* Four different phases of the litigation involved in this proceeding have heretofore been before this court, and are reported in 21 Mont. 7, 52 Pac. 560; 21 Mont. 184, 53 Pac. 493; 25 Mont. 367, 65 Pac. 106; and 25 Mont. 379, 65 Pac. 111.

In order to arrive at a definite and clear understanding of the matter involved, a brief history of the litigation seems important: Suit was brought by the relators in the district court of Lewis and Clarke county, the trial of which was concluded prior to July 7, 1897, on which day the court entered its decree in favor of the plaintiffs. On July 12, 1897, on motion of counsel for defendant, the court made an order extending the time for preparing, filing and serving statement on motion for a new trial and bills of exception until September 12, 1897. On September 11, 1897, the court made another order, extending this time an additional thirty days. On October 11, 1897, the court made the following order: "On motion of counsel

for defendant, and by consent of plaintiffs, court this day granted thirty days' additional time to defendant in which to prepare, serve and file statement on motion for a new trial and bill of exceptions herein." On December 28, 1897, plaintiffs moved the court to correct the order so entered, by striking out such portion thereof as shows the consent of plaintiffs thereto, which motion the court denied, and counsel for plaintiffs appealed to the supreme court. This court, on the hearing of said appeal, on June 13, 1898, reversed the order thus appealed from, and directed the court below to strike out of the order of October 11th the words "by consent of plaintiff." (21 Mont. 184, 53 Pac. 493.) Defendant served upon plaintiffs' counsel its proposed statement on motion for a new trial on November 10, 1897. Plaintiffs' counsel on November 18, 1897, served their objections and proposed amendments to the statement served, which objections were to the effect that the statement was not served upon them within the time allowed by law. Counsel for plaintiffs, having reserved their right to object to the statement on said ground, and counsel for defendant, having served notice of non-agreement to the proposed amendments, left their objections and proposed amendments with the judge on November 29, 1897. On December 24, 1897, counsel for both parties appeared before the judge, and counsel for plaintiffs objected to the settlement of the statement, which the court overruled. They then asked that their objections as presented be incorporated in the statement, which the court overruled, holding that such objections should appear in a separate bill of exceptions, which was then and there settled. The statement was then settled and signed by the judge. On October 15, 1898, the motion for a new trial coming on to be heard, counsel for plaintiffs moved the court to strike the statement on motion for a new trial from the files, which was granted by the court, and the motion for a new trial was refused. Counsel for defendant had bills of exception settled upon each of these rulings, and appealed therefrom to this court, which by its decision reversed the orders, and directed the court below "to restore to the file the statement on motion for a new trial" and

proceed "to hear and determine the motion for a new trial" (25 Mont. 367, 65 Pac. 106); at the same time holding that the objections to the settlement of the statement should have been included therein, and not saved by bill of exceptions. This decision was rendered June 3, 1901. August 22, 1901, relators applied to this court for an alternative writ of *mandamus* against the district court to compel it to incorporate the objections in the statement. On the same day this court made the following order upon said application: "Relators' application· for an alternative writ of mandate herein is this day by the court granted, the same to be returnable ten days after service thereof." On August 24, 1903, more than two years after the filing of the application and the granting of the above order, counsel for relators, without in any manner calling the attention of the court to their action, caused an alternative writ to be issued, returnable October 7, 1903. On the return day of the writ, counsel for respondent filed in this court a motion to quash it on some thirteen several and separate grounds, among which are, in substance, the following: Inexcusable delay in applying for the writ and in causing its issuance; want of a showing of facts sufficient to warrant the writ. This motion was heard on November 19, 1903, and its determination is the matter for decision.

1. The following well-settled rules of the law of *mandamus*, when applied to the conditions confronting us on this hearing, in our opinion, make our duty clear:

(a) Relators must clearly show that they are entitled to the writ sought. (High, Ext. Rem. Sec. 9, and cases cited; 2 Spelling on Inj. & Ext. Rem. 1370, and cases cited; *People ex rel. Harless* v. *Hatch*, 33 Ill. 9; *Hall* v. *People*, 57 Ill. 307; *People ex rel. Hillard* v. *Davis*, 93 Ill. 133.)

High, *supra*, says: "The writ of *mandamus* being justly regarded as one of the highest writs known to our system of jurisprudence, it issues only when there is a clear and specific legal right to be enforced, or a duty which ought to be and can be performed, and where there is no other specific and adequate·

legal remedy.   The right which it is sought to protect must
therefore be clearly established, and the writ is never granted
in doubtful cases.   And the person seeking the relief must show
a clear legal right to have the thing sought by it done, and done
in the manner and by the person sought to be coerced."

Judge Breese, in *People ex rel. Harless* v. *Hatch, supra,*
uses the following language:   "The writ of *mandamus* is a high
prerogative writ, to be awarded in the discretion of the court,
and ought not to issue in any case unless the party applying
for it shall show a clear legal right to have the thing sought by
it done, and in the manner and by the person or body sought to
be coerced, and must be effectual as a remedy if enforced; and
it must be in the power of the party, and his duty, also, to do
the act sought to be done.   It is well settled that, in a doubtful
case, this writ should not be awarded.   It is never awarded
unless the right of the relator is clear and undeniable, and the
party sought to be coerced is bound to act."   This language of
Judge Breese is quoted in many subsequent decisions of the
Supreme Court of Illinois.

The Supreme Court of Illinois, in *Hall* v. *People, supra,*
says:   "A party cannot be compelled to perform an act unless
it is made to appear affirmatively that it is his clear duty to do
so.   The party that seeks to compel the performance of an act
must set forth every material fact necessary to show that it is
the plain legal duty of such party to act in the premises, before
the courts will interfere.   Any other rule would often do great
injustice."

The same court says in *People ex rel. Hillard* v. *Davis,
supra*:   "The petition must show on its face a clear right to
the relief demanded by the relator.   He must distinctly set
forth all the material facts upon which he relies, so that the
same may be admitted or traversed."

(b) Such writ will never be issued to compel the perform-
ance of an act which would be useless, ineffectual or unavailing
as a remedy, or beyond the power or duty of respondent to per-
form.   (High, Ext. Rem. Sec. 9, and cases cited; 2 Spelling,

Inj. & Ext. Rem. Secs. 1377, 1439, and cases cited.)     High, *supra,* says: "The writ, if granted, must also be effectual as a remedy, and it must be within the power of the respondent, as well as his duty, to do the act in question."

(c) The writ may, in the discretion of the court, be refused if laches or long delay in making the application appears, and there is no showing to explain or excuse its existence.   (High, Ext. Rem. Sec. 30b; 2 Spelling on Inj. & Ext. Rem. Sec. 1382; *State ex rel. Johnson* v. *Dyer,* 99 Ind. 426; *People ex rel. Beach* v. *Seneca Common Pleas,* 2 Wend. 264; *Mabley* v. *Judge of Superior Court,* 41 Mich. 31, 1 N. W. 985; *Chinn* v. *Trustees,* 32 Ohio St. 236.)

(d) This hearing is upon a motion to quash an alternative writ, which "challenges both the sufficiency of the writ, and also the sufficiency of the affidavit upon which the writ is based." (*State ex rel. State Publishing Co.* v. *Hogan,* 22 Mont. 384, 56 Pac. 818.)

2.   Let us test the application and writ by these rules, and ascertain whether they have been complied with.

The relators do not show but that the motion for a new trial has been submitted to the court below upon the statement as settled, pursuant to the direction of this court (25 Mont. 367, 65 Pac. 106), and that such court has rendered its decision thereon.   If these facts exist, relators have no right to the writ. A peremptory writ would be useless and unavailing to the relators, and performance of its commands would be beyond the power or duty of the court below.   The only function of a statement on motion for a new trial in the court below is to form the basis, on behalf of the party settling the same, of such motion.   If this motion for a new trial has been heard and decided, the sole and only function of the statement is exhausted. The power of the court to thereafter amend or in any manner change or interfere with the statement so used is gone.   The power not existing, no duty can be charged against the court, because no duty to perform any act can exist unless the party to be charged therewith has power to perform it.   Counsel for

relators ingenuously argue that the burden is upon respondent to show that the motion for a new trial has been heard and decided, that the existence of such facts would be a defense to the writ, and that relators cannot, therefore be charged with the duty of showing that such facts have no existence. We cannot agree that this doctrine is applicable to the proceedings under consideration. Under the law above stated, the relators must show a clear legal right to the writ, and the existence of a clear legal duty on the part of respondent to perform the act sought to be coerced. They must set forth all the material facts upon which they rely, so that the same may be admitted or traversed. If the facts were such as to raise a presumption that the motion for a new trial had not been heard and decided, then, perhaps, their non-existence should be affirmatively shown by respondent. However, the only presumption which could arise in this matter would be that the judge of the court below, in the ordinary exercise of his judicial duties, heard the motion for a new trial "at the earliest practicable period after notice of the motion, and after the affidavits, bill of exceptions, or statement, as the case may be, are filed," as provided by Section 1174, Code of Civil Procedure. This would be especially true in the proceeding before us, because this court (25 Mont. 367, 65 Pac. 106) directed such hearing to take place. We are therefore satisfied that relators should have shown affirmatively, in order to entitle them to the writ asked for, that the motion for a new trial had not been heard. An examination of the application and writ discloses that no showing of this character has been made.

From the foregoing statement of the case, it appears that the refusal of the court below to incorporate in the statement relators' objections to the settlement thereof occurred nearly four years before this writ was applied for. No excuse is offered for this long delay. If *mandamus* was the proper remedy (which we do not decide), it should have been applied for immediately upon the refusal of the court below to insert plaintiffs' objections in the statement. At that time an investigation of the decisions of this court then reported would have disclosed

plaintiffs' right to have these objections inserted in the statement. Upon a refusal of the court below to allow their insertion, relators might have applied for the appropriate remedy to have the objections incorporated therein.

In *Sweeney* v. *Great Falls & Canada Ry. Co.,* 11 Mont. 34, 27 Pac. 347, this court uses the following language: "The court should have heard any objections that the plaintiff might offer to the proposed statement, and incorporated the same in the statement. A record of the whole would have then been preserved for the review of this court on appeal."

In *Arnold* v. *Sinclair,* 12 Mont. 248-261, 29 Pac. 1124, 1127, this court said: "If no notice of intention to move for a new trial was served and filed, or the same was not served in time, or the one among the files was not the one served, or other irregularity had occurred in reference to such notice, the objection should be urged in the court below as a reason for overruling the motion, and a statement of the grounds and facts supporting such objection should be made part of the statement of the case, and same could then be heard by the appellate court."

This court practically bases its decision in 25 Mont., 65 Pac., *supra,* upon these two cases. The delay for nearly four years in making application for this writ was therefore inexcusable, and this court, in the exercise of its discretion above noted, is authorized to refuse the writ.

But again, relators applied for this alternative writ, and obtained the order of this court granting it, on August 22, 1901. They neglected to have it issued until August 24, 1903. *Mandamus,* like injunction, is an emergency writ, and its purpose is to furnish a speedy remedy for some apparent wrong. "It must be issued in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law." (Section 1962, Code of Civil Procedure.) Such delay violates the purpose and use of the writ. If the applicant may delay its issue two years after it has been granted, without showing any excuse for such delay, he may in like manner delay such issuance for

an indefinite time. The purpose of the writ is so apparent that any unreasonable delay defeats its object.

Our conclusions upon the propositions above discussed being sufficient for a decision of the motion, we have not considered the other points raised and discussed. We advise that the motion to quash be sustained, and the proceedings be dismissed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the alternative writ of *mandamus* is quashed, and the proceedings dismissed.