STATE EX REL. RICE, APPELLANT, *v.* WILKINSON, MAYOR, ET AL., RESPONDENTS.

(No. 6,251.)

(Submitted February 15, 1928. Decided March 2, 1928.

[264 Pac. 683.]

*Mandamus—Laches in Prosecuting Action—Dismissal Proper.*

Mandamus—Police Officers—Unlawful Removal—Laches in Prosecuting Action Warrants Dismissal.
1. The rule that inexcusable delay in prosecuting an action will warrant dismissal thereof is especially applicable to proceedings in mandamus to compel reinstatement of a public officer alleged to have been unlawfully removed, public policy requiring prompt action effectively to assert his rights, to the end that

1. See 9 Cal. Jur. 539; 9 R. C. L. 206.

if his contention be justified, public service may be disturbed as little as possible and that two salaries be not paid for a single service.

Same—Case at Bar.

2. Under the rule above, *held,* that where a police officer, claiming to have been unlawfully removed, had brought mandamus proceedings to compel his reinstatement, after the cause was at issue failed to comply with a rule of court requiring the filing of a note of issue and for a period of over five years and eight months took no action toward bringing the case to trial, a judgment of dismissal for laches was proper.

[1, 2] Dismissal and Nonsuit, 18 C. J., sec. 111, p. 1193, n. 24. Equity, 21 C. J., sec. 214, p. 216, n. 71. Mandamus, 38 C. J., sec. 533, p. 833, n. 71.

*Appeal from District Court, Missoula County, in the Fourth Judicial District; George B. Winston, Judge of the Third District, presiding.*

ACTION in mandamus by the State, on the relation of John A. Rice, to compel H. T. Wilkinson, as Mayor of the City of Missoula, and others, to restore relator to the police force of such city. Judgment for defendants and relator appeals. Affirmed.

*Mr. Chas. N. Madeen* and *Mr. H. H. Parsons,* for Appellant, submitted a brief; *Mr. Parsons* argued the cause orally.

*Mr. Walter L. Pope,* for the Respondents, submitted a brief and argued the cause orally.

The equitable doctrine of laches has always been held applicable to mandamus proceedings. (*State ex rel. Beach* v. *District Court,* 29 Mont. 265, 74 Pac. 498.) It has been applied in a great many cases similar to this in which proceedings have been brought to secure reinstatement in office. The reason the court will not tolerate delay and the reason that delay is so prejudicial is that in case the relator is held to be entitled to his office he collects back pay. In the meantime other persons have been drawing pay from the municipality and the longer relator delays the greater the amount in which the community is mulcted.

The following are a few of the many cases in which an action of this character brought to secure reinstatement has been held barred by laches. In each case we have indicated the period of time which elapsed: (six months) *People* v. *Chicago,* 203 Ill. App. 191; (nine months) *Cunningham* v. *City of Huntington,* 97 W. Va. 672, 125 S. E. 810; (ten months) *Clark* v. *Chicago,* 233 Ill. 113, 84 N. E. 170; *People* v. *Board of Health,* 56 Misc. Rep. 26, 106 N. Y. Supp. 923; *People* v. *Chicago,* 147 Ill. App. 591; *People* v. *Polk,* 138 App. Div. 497, 122 N. Y. Supp. 1048; (twelve months) *State* v. *Police Board,* 107 La. 162, 31 South. 662; (fourteen months) *Donovan* v. *Board of Police Commrs.,* 32 Cal. App. 392, 163 Pac. 69; (fifteen months) *McAlevy* v. *Chicago,* 207 Ill. App. 350; (sixteen months) *People* v. *Board of Education,* 114 App. Div. 1, 99 N. Y. Supp. 737; *People* v. *Board of Education,* 187 N. Y. 535, 80 N. E. 1116; (eighteen months) *People* v. *Sturgis,* 82 App. Div. 580, 81 N. Y. Supp. 816; (twenty months) *United States* v. *Lane,* 249 U. S. 367, 63 L. Ed. 650, 39 Sup. Ct. Rep. 293 [see, also, Rose's U. S. Notes]; (two years) *State* v. *Witter,* 114 Ohio, 357, 151 N. E. 192; *Stone* v. *Board,* 164 Ky. 640, 176 S. W. 39; (two years, four months) *McDowell* v. *Dalton,* 33 Misc. Rep. 359, 68 N. Y. Supp. 419; (three years) *Kramer* v. *Board of Police Commrs.,* 39 Cal. App. 396, 179 Pac. 216; (three years, six months) *Harby* v. *Board of Education,* 2 Cal. App. 418, 83 Pac. 1081; (four years) *Curtin* v. *Board of Police Commrs.,* 74 Cal. App. 77, 239 Pac. 355; (five years) *Schultheis* v. *Chicago,* 240 Ill. 167, 88 N. E. 563.

MR. JUSTICE GALEN delivered the opinion of the court.

This is an action in mandamus, which was instituted February 9, 1917, by the appellant Rice, as relator, to compel the mayor, city council and commissioner of public safety of the city of Missoula to restore him to the police force from which he is alleged to have been wrongfully removed. An alternative writ was by the court issued on February 14, 1917, and thereafter, on March 2, 1917, the respondents moved to quash the

writ, and on the day following filed a general demurrer to the petition. Such proceedings were subsequently had that on February 8, 1918, the respondents filed their return and answer, and the cause was at issue. Nothing further appears to have been done in the case until July 16, 1923, at which time the record of actions discloses that the deposition of Thomas E. Kemp was filed. A note of issue was not filed until October 24, 1923.

The court rules provide that, when a cause is at issue, the attorneys for either party plaintiff or defendant may have it placed on the trial calendar by filing a note of issue with the clerk, and that no case shall be put on such calendar unless such note of issue is filed at least ten days before the next term of court.

It appears that in May, 1914, the relator was regularly appointed as a policeman of the city of Missoula, and thereafter occupied such position until January 4, 1915, at which time he was appointed and accepted the office of deputy sheriff of Missoula county. Later, on January 13, 1915, he secured from the city a leave of absence for ninety days, and at the expiration thereof was granted an additional leave of six months, and again until January 1, 1916. He remained in his position of deputy sheriff during all of the years 1915 and 1916. On June 9, 1916, the civil service commission of the city struck his name from the eligible list because of his failure to report for duty at the expiration of his leave of absence, January 1, 1916. He moved to Orchard Homes, outside the limits of the city of Missoula, in the spring of 1919, and resided there about four years. In 1924 he was elected sheriff of Missoula county for a term of two years, and served as such during the years 1925 and 1926, and at the time of the trial was serving a second like term, having been re-elected in 1926.

The cause was not brought on for trial until January 20, 1927, and after the conclusion of all of the evidence the court found, among other things, that the relator did not report for duty as a policeman on January 1, 1916, and did

not perform any duties or act as such, "but continued for a period of one year thereafter to serve and act" as deputy sheriff; that, by reason of his failure to return or report for duty, he abandoned the office, "and impliedly resigned," whereby it became vacant; that the relator, in the spring of 1919, "moved from and ceased to be a resident or elector within the city of Missoula, and became a resident and elector of the county of Missoula, without the city of Missoula, and remained such nonresident of the city of Missoula for a period of four years thereafter, thereby disqualifying relator from holding his said position and further vacating his said office." The record gives ample support to these findings.

It was by the court further found "that relator filed no note of issue in this proceeding and took no step whatever to cause the same to be brought on for trial or hearing, and failed and neglected to prosecute the same in any manner until the twenty-fourth day of October, 1923, a period of more than five years and eight months after the same was at issue," and "that his delay in prosecuting the action was without excuse and constituted laches, and inexcusable delay, by reason of which relator is not entitled to any relief herein."

Judgment was entered for the defendants, and the appeal is prosecuted therefrom.

The evidence abundantly supports the court's findings respecting the relator's laches. We have examined the entire transcript, and, in our opinion, on the merits, judgment was properly entered against the relator. In disposition of this appeal, however, we do not find it necessary to consider any question other than the relator's laches in prosecuting the action.

In *Streicher* v. *Murray*, 36 Mont. 45, 92 Pac. 36, Mr. Chief [1, 2] Justice Brantly, speaking for this court, held, and we think correctly, that "the mere bringing of an action does not relieve a person from the imputation of laches. The lack of diligence in prosecuting it after it is brought leads to the same consequences as delay in bringing it. Witnesses die or

disappear, or the facts fade from memory. The positions of the parties change, or the subject of the controversy fluctuates in value. The right sought to be enforced becomes doubtful or uncertain, or it becomes impossible for the court to administer equity between the parties with any degree of certainty. In all such cases the court will, in its discretion; refuse to entertain the action and leave the parties as they are."

And such doctrine is especially applicable to proceedings in mandamus. (*State ex rel. Beach* v. *District Court,* 29 Mont. 265, 74 Pac. 498.) It has been applied in a great many similar cases; the underlying reason being that the law will not tolerate delay, where, by reason thereof, the effect is so prejudicial to a city. If such a relator is possessed of legal rights, he should be required to press them with reasonable diligence so as not unnecessarily to embarrass the municipality. Any other conclusion would permit disastrous consequences. Delay in pressing such a cause unreasonably is manifestly inexcusable and is sufficient to defeat whatever rights the relator may have had. (*Harby* v. *Board of Education,* 2 Cal. App. 418, 83 Pac. 1081; *Donovan* v. *Board of Police Commrs.,* 32 Cal. App. 392, 163 Pac. 69; *United States ex rel. Arant* v. *Lane,* 249 U. S. 367, 63 L. Ed. 650, 39 Sup. Ct. Rep. 293.)

In the case last cited, the supreme court of the United States stated the true rule applicable in such cases as follows: "When a public official is unlawfully removed from office, whether from disregard of the law by his superior or from mistake as to the facts of his case, obvious considerations of public policy make it of first importance that he should promptly take the action requisite to effectively assert his rights, to the end that if his contention be justified the government service may be disturbed as little as possible and that two salaries shall not be paid for a single service. * * * The manifest inequity which would result from reinstating him renders the application of the doctrine of laches to his case peculiarly appropriate in the interest of justice and sound public policy." Such rule has uniformly been by this court given recognition. (*State ex rel. Beach* v. *District Court,*

supra; *State ex rel. Bailey* v. *Edwards,* 40 Mont. 313, 106 Pac. 703; *State ex rel. Bennetts* v. *Duncan,* 47 Mont. 447, 133 Pac. 109.)

The judgment is affirmed.

*'Affirmed.*

Mr. Chief Justice Callaway and Associate Justices Myers, Stark and Matthews concur.