STATE OF MONTANA upon relation of MAUDE J. WIED-
MAN, Petitioner and Appellant, v. CITY OF KALISPELL,
a municipal corporation, and THOMAS R. FLYNN, Mayor
and LAWRENCE G. BJORNEBY, C. L. ELLINGSON, VER-
NON E. HOMUTH, FRANKLIN A. LENON, WILLIAM
W. ROBERTS, DOTEL E. SMYSER and H. V. TURNER,
as Aldermen and constituting the City Council of the
City of Kalispell, State of Montana, Defendants and
Respondents.

No. 11290.
Decided October 20, 1969.
Rehearing Denied November 3; 1969.
459 P.2d 694.

Thomas H. Mahan, argued, Helena, for appellant.
Marshall Murray, argued, Kalispell, for respondents.

The HONORABLE THOMAS DIGNAN, District Judge delivered the Opinion of the Court.

Petitioner Maude J. Wiedman seeks a writ of mandate to require the City of Kalispell to condemn private lands for use as public streets and to construct said streets. This case was submitted on an agreed statement of facts to the lower court. The trial court sustained defendants' motion to quash and dismissed the petition. Petitioner appeals.

The stipulated facts are:

"MRS. Wiedman acquired her property in 1934 and at said time resided in Flathead County, and her property was not a part of the City of Kalispell. She built one house at that time which is located on the corner of Washington Street and Fourth Avenue. She built the other two houses in 1955 or 1956. She obtained City permits on those two houses.

"In April 1946 the City passed Resolution No. 1998 declaring the City's intentions to annex an area to the City which included the property in question and a protest hearing was held on June 7, 1946, after which by the adoption of Resolution No. 2015 the area was annexed to the City. It was not platted and apparently was annexed pursuant to survey. No streets were dedicated at that time.

"On February 3, 1947, the City adopted Ordinance 519 which included the area in question; said Ordinance recited that 'all reference to streets or avenues shall conform to the maps or plats of the Townsite of Ashley and of Kalispell and of the additions thereto, which plats are on file and of record in the office of the Clerk and Recorder of Flathead County, Montana.' Subsequently said plat was placed in the office of the Flathead County Clerk and Recorder but was not filed or recorded by said Clerk. The said plat was not removed from his office. The said plat recites, 'We, D. S. Cameron, Mayor, and C. H. Brewer, City Clerk, in and for the City of Kalispell, State of Montana, do hereby certify that I have examined the

annexed plat of "Cameron's Second Addition to Kalispell" and hereby approve the same. Dated at Kalispell, Montana, this 10th day of February, A. D., 1947. Signed O. L. Brown, City Engineer,' and that said plat shows Fourth Avenue West North as a street extending from Washington to California Street and also it shows Oregon Street as an open street from Fourth Avenue West North to Fifth Avenue West North. The plat, Cameron's Second Addition, contains no certificate of dedication. The records of the City of Kalispell do not show the area in question having any streets as drawn on the plat of Cameron's Second Addition. The area designated on said plat of Cameron's Second Addition as Fourth Avenue West North between Washington Street and California Street and that area so designated as Oregon Street from Fourth Avenue West North to Fifth Avenue West North was never dedicated by the owners as public streets. Up until 1957 C. A. Scovel owned the designated street areas. On May 11, 1957, Scovel sold designated street areas to the Trinity Lutheran Church who still holds title thereto.

"That area designated as Fourth Avenue West North to the area designated as Oregon Street is vacant and unimproved land. That area designated as Oregon Street extending east from the designated Fourth Avenue West North is owned by other private parties. At the time this action was filed that area designated as Oregon Street between Fifth Avenue West North and the designated Fourth Avenue West North was unimproved land but since has been used by the Trinity Lutheran Church as a part of its playground area for the Trinity Lutheran School which is located on the corner of the Fifth Avenue West North and California Street. The area designated as Oregon Street extending East of the designated Fourth Avenue West North is obstructed by fences. The area in question, being that area designated as Cameron's Second Addition, is still described by metes and bounds and is not described by lots and blocks as was intended by the plat.

The City of Kalispell assessed oiling fees of $20 per lot from 1947 until they changed the procedure about three or four years ago. They now charge by the square foot."

In the oral argument before this Court, it was stated that the Trinity Lutheran Church has now constructed buildings on the streets petitioner asks the city to condemn.

The issue on this appeal is whether or not mandamus will lie to require the City of Kalispell to condemn, open, and construct public streets adjacent to petitioner's property. The stipulated facts eliminate issues as to annexation of said tract by the City of Kalispell.

The petitioner acquired her property in 1934 and the city annexed the property in question in 1946; in the plat that was filed and not recorded no streets or alleys were dedicated. The records of the City of Kalispell do not show any streets in the area in question. Sections 11-601 through 11-607, R.C.M. 1947, specifically set forth the procedure as to how streets and alleys are dedicated to the public and how they are granted and donated to the public use forever. As this procedure was not followed, there was no dedication.

Petitioner seeks mandamus to compel the City of Kalispell to condemn and construct the streets. Section 93-9102, R.C.M.1947, provides as follows:

"\* \* \* to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station \* \* \*"

The above statute provides for the performance of a ministerial duty and not a duty or power that requires the exercise of discretion. To obtain the aid of a court mandamus petitioner must show that she is entitled to the writ sought. State ex rel. Beach v. Dist. Ct., 29 Mont. 265, 74 P. 498; State ex rel. Cutts v. Hart, 56 Mont. 571, 185 P. 769, 7 A.L.R. 1678. The acquisition of private lands to be used for streets is a discretionary decision of the City of Kalispell and mandamus

would not lie to compel the city to condemn, construct, and maintain the streets requested by the petitioner.

The judgment of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES CASTLES and JOHN CONWAY HARRISON, and the HONORABLE PAUL G. HATFIELD, District Judge, sitting for MR. JUSTICE HASWELL, who deemed himself disqualified, concur.