FILED

11/02/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0503

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0503

SHYLAH HANWAY,

Petitioners,

v.

KYLE FOUTS, Montana State Hospital
Administrator, and ADAM MEIER,
Montana Department of Public Health
and Human Services Director,

Respondents.

FILED

NOV 0 2 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

By verified petition filed October 7, 2021, Shylah Hanway (Hanway) petitions this Court for issuance of a peremptory writ of mandamus compelling the respective Directors of the Montana Department of Public Health and Human Services and the Montana State Hospital (collectively MDPHHS) to immediately comply, within 48 hours of issuance of the writ, with certain orders of the Montana Eighth Judicial District Court, Cascade County, issued in Cause Nos. BDC-20-165 (October 20, 2020), CDC-21-052 (August 19, 2021), and DDC-21-492 (August 31, 2021) pursuant to § 46-14-221(2)(a), MCA, to accept and place her in an appropriate MDPHHS "mental health facility" or MDPHHS "residential facility" "for so long as" her previously adjudicated "unfitness [to proceed] endures or until disposition . . . is made pursuant to" § 46-14-221(2)(b) and (3), MCA (required development by MDPHHS "facility" of "an individualized treatment plan to assist the defendant" in "[re]gain[ing] fitness to proceed," 90-day committing court "review" of "fitness to proceed" thereunder, and court determination as to whether defendant "still unfit to proceed" under § 46-14-221(3)(a)-(c), MCA), "whichever occurs first." *See* § 46-14-221(2)(a), MCA. Hanway's verified petition and MDPHHS's October 22, 2021 response

manifest the following summary timeline and undisputed facts at issue in the various criminal proceedings against Hanway below:

## BDC-20-165 – State v. Hanway (Indecent Exposure)

- 2020-03-12: Eighteen-year-old Hanway arrested for Indecent Exposure to Minor (F), in violation of § 45-5-504(3), MCA, on allegation that she exposed her breasts to her seven-year-old sister. Released on own-recognizance on conditions.

- 2020-03-12: Hanway formally charged by Information with Indecent Exposure to Minor (F).

- 2020-10-16: Hanway diagnosed on defense-commissioned examination by Dr. Donna Zook, Ph.D., with "disorganized schizophrenia," a mental disorder as defined by §§ 46-14-101(2)(a) and 53-21-102(9)(a), MCA, rendering her unfit "to proceed and stand trial" as referenced in §§ 46-14-101(1)(a)(i) and -103, MCA.

- 2020-10-20: Pursuant to § 46-14-221(2)(a), MCA, Hanway adjudicated "unfit to proceed" as referenced in §§ 46-14-101(1)(a)(i) and -103, MCA, on uncontested defense motion based on 2020-10-16 Zook evaluation. Court suspends criminal proceeding and commits Hanway "to the custody of" MDPHHS "to be placed in an appropriate [MDPHHS] mental health facility . . . or residential facility . . . for so long as the unfitness endures or until disposition . . . is made pursuant to [§ 46-14-221(2)(b) and (3), MCA], whichever occurs "first." Court orders sheriff to immediately transport Hanway to MSH "without delay" upon "communicating with" MSH. Court maintains her on an own-recognizance release pending transport to MSH. The court sets the 90-day review hearing required by § 46-14-221(3)(a), MCA, for December 28, 2020.

  Sheriff does not transport, however, upon MSH advisory of no bed-space at MDPHHS Forensic Mental Health Facility (FMHF) at Galen, Montana. MDPHHS instead places Hanway on the FMHF waiting list.

- 2020-12-28: At previously scheduled 90-day fitness review hearing required by § 46-14-221(3)(a), MCA, court advised that MDPHHS has yet to accept custody of Hanway per 2020-10-20 commitment order and that she has since been arrested and is incarcerated on a municipal court matter. No

2

evidence or documentation presented by State/CA or defense counsel as to MDPHHS status in re compliance with 2020-10-20 commitment order. Continuation of the required 90-day hearing subsequently continued multiple times until reset for January 25, 2021.

- 2021-01-20: The 90-day MDPHHS fitness status report and review hearing deadline specified by § 46-14-221(3)(a), MCA, expires without MDPHHS acceptance of custody of Hanway per 2020-10-20 court order.

- 2021-01-25: Required 90-day fitness review hearing resumes. Court again advised that MDPHHS has yet to accept custody of Hanaway per 2020-10-20 commitment order. No evidence or documentation presented by State/CA or defense counsel as to MDPHHS status in re compliance with 2020-10-20 commitment order. Hanway still incarcerated under order in parallel-pending municipal and district court proceedings.

- 2021-02-08: Defense counsel files motion to dismiss suspended criminal case due to State (MDPHHS/CA) and court non-compliance with § 46-14-221(2)(a) and (3), MCA, MDPHHS fitness restoration, status report, and judicial fitness review and determination requirements.

- 2021-02-11: Upon notice from MDPHHS of available FMHF bed-space, the sheriff transports Hanway to MSH which accepts custody and admits her for fitness restoration in accordance with 2020-10-20 commitment order (BDC-20-165) and similar 2021-01-29 commitment order (CDC-21-052).

- 2021-03-09: Over State/CA objection, the court dismisses suspended criminal case with prejudice based on its prior unfitness adjudication and due to State (MDPHHS/CA) delay and non-compliance with its 2020-10-20 commitment order and resulting § 46-14-221(2)(a) and (3), MCA, requirements for MDPHHS fitness restoration, status report, and the consequential lack of any evidentiary basis for judicial review and determination of Hanway's fitness status. *See* § 46-14-221(3)(a)-(b), MCA (requiring dismissal of suspended criminal proceeding upon judicial determination on 90-day review that defendant remains unfit to proceed due to mental disorder and that "it does not appear that [he or she] will become fit within the reasonably foreseeable future").

  The court expressly orders that "the State must initiate involuntary commitment proceedings." *See* § 46-14-221(3)(b), MCA (requiring

3

State/CA to petition for involuntary civil commitment under Title 53, chapter 21, MCA, upon dismissal of the criminal case).[1] State does not comply.

- 2021-04-20: In reference to the since-dismissed BDC-20-165 and subsequently filed CDC-21-052, MDPHHS issues a written evaluation report pursuant to § 46-14-221(2)(b) and (3)(a), MCA, confirming that Hanway suffers from "schizoaffective disorder." *Inter alia*, MDPHHS reports that, due to her "severe mental illness," Hanway did not have the "capacity to conform her behavior to the requirements of the law" at the time of the offenses charged in BDC-20-165 and CDC-21-052,[2] but "appear[s] to be capable of rational discussions with" defense counsel and was thus now "currently fit to proceed."[3] No further proceedings in BDC-20-165 due to prior dismissal.

## CDC-21-052 – State v. Hanway (Assault on Peace Officer)

- 2021-01-09: While incarcerated on municipal court matter and after allegedly refusing to eat for several days, Hanway allegedly punches detention officer in the face through jail cell food port when officer was delivering food and encouraging her to eat.

- 2021-01-20: Hanway formally charged by Information with Assault on a Peace Officer (F) in violation of § 45-5-210(1)(a), MCA.

- 2021-01-22: Defense counsel files unopposed defense motion pursuant to § 46-14-221(2)(a), MCA, for adjudication of Hanway as "unfit to proceed" based on prior 2020-10-16 Zook unfitness determination in BDC-20-165.

- 2021-01-29: Court adjudicates Hanway "unfit to proceed" pursuant to § 46-14-221(2)(a), MCA, for the second time based on the 2020-10-16 Zook evaluation. Court suspends the criminal proceeding and commits Hanway "to the custody of" MDPHHS "to be placed at an appropriate

---

[1] Hanway and MDPHHS assert that the State/CA has disregarded and not complied with the court's order. There is no contrary indication in the limited record presented here.

[2] *See* §§ 46-14-206(1)(d), (e), -213, -214(1), and -301, MCA.

[3] *See* §§ 46-14-103, -206(1)(c), -221(3)(a), and -222, MCA.

[MDPHHS] mental health facility . . . or residential facility . . . for so long as the unfitness endures or until disposition . . . is made pursuant to [§ 46-14-221(2)(b) and (3), MCA], whichever occurs "first."[4] Court orders sheriff to immediately transport Hanway to MSH "without delay" upon "communicating with" MSH and sets the 90-day review hearing required by § 46-14-221(3)(a), MCA, for April 22, 2021.

Sheriff does not transport, however, upon MSH advisory of no bed-space at MDPHHS FMHF at Galen. MDPHHS instead places Hanway on the FMHF waiting list.

- 2021-02-11: Upon notice from MDPHHS of available FMHF bed-space, the sheriff transports Hanway to MSH which accepts her for fitness restoration in accordance with the 2021-01-29 commitment order (CDC-21-052) and similar 2020-10-20 commitment order (BDC-20-165).

- 2021-04-20: In reference to CDC-21-052 and BDC-20-165 (since dismissed on 2021-03-09), MDPHHS issues written evaluation report pursuant to § 46-14-221(2)(b) and (3)(a), MCA, confirming that Hanway suffers from "schizoaffective disorder." Inter alia, MDPHHS reports that, due to her "severe mental illness," Hanway did not have "the capacity to conform her behavior to the requirements of the law" at the time of the offenses charged in BDC-20-165 and CDC-21-052,[5] but "appear[s] to be capable of rational discussions with" defense counsel and was thus now "currently fit to proceed."[6]

- 2021-04-22: Court conducts 90-day review hearing required by § 46-14-221(3), MCA. Based on the 2021-04-20 MDPHHS report and supplemental hearing testimony of MSH Dr. Virginia Hill, court adjudicates Hanway now fit to

---

[4] In addition to ordering MDPHHS to "develop an individualized treatment plan" to assist in regaining fitness to proceed as required by § 46-14-221(2)(b), MCA, the court ordered MDPHHS to further examine Hanway and report on her "mental condition" and ability to form the requisite criminal mental state at the time of the subject offense pursuant to §§ 46-14-202(1), (2), and -206, MCA.

[5] *See* §§ 46-14-206(1)(d), (e), -213, -214(1), and -301, MCA.

[6] *See* §§ 46-14-103, -206(1)(c), -221(3)(a), and -222, MCA.

proceed and orders resumption of the previously suspended criminal proceeding in CDC-21-052.[7]

- 2021-04-23: Court reduces Hanway's bond on defense motion.

- 2021-04-27: MDPHHS discharges Hanway and sheriff returns her to incarceration at Cascade County detention center. Hanway immediately bailed-out by her mother.

- 2021-05-18: Court resets trial for June 14, 2021.

- 2021-06-01: Defense counsel files unopposed motion to continue trial for additional 60 days in furtherance of plea negotiations with the State. Trial rescheduled.

- 2021-07-13: In wake of Hanway's June 29, 2021 arrest on new offenses in what would later be designated DDC-21-492, defense counsel files motion for redetermination of Hanway's fitness to proceed pursuant to § 46-14-202, MCA.

- 2021-08-14: Incident to the July 13, 2021 defense motion for redetermination of Hanway's fitness to proceed, Donna Zook, Ph.D., attempts but is unable to conduct defense-arranged mental health evaluation due to Hanway's refusal to cooperate. Based on "extrapolation" from Hanway's prior condition and circumstances, her discontinuation of prescribed mental health medication, and recent behavior, Dr. Zook again diagnoses her with "disorganized schizophrenia" and concludes that she is again unfit to proceed.

- 2021-08-19: Court adjudicates Hanway "unfit to proceed" pursuant to § 46-14-221(2)(a), MCA, for the third time based on the 2020-08-14 Zook evaluation. Court suspends the criminal proceeding and commits Hanway "to the custody of" MDPHHS "to be placed in an appropriate [MDPHHS] mental health facility . . . or residential facility . . . for so long as the unfitness endures or until disposition . . . is made pursuant to [§ 46-14-221(2)(b) and (3), MCA], whichever occurs "first." Court orders sheriff to immediately transport her to MSH on coordination with MSH.

---

[7] See § 46-14-222, MCA.

6

Sheriff does not transport, however, upon MSH advisory of no bed-space at MDPHHS FMHF at Galen. MDPHHS again places Hanway on the FMHF waiting list.

- 2021-10: State/CA files motion, served on MDPHHS by mail on October 5, for issuance of contempt/show cause order compelling MDPHHS to either immediately accept custody of Hanway pursuant to 2021-08-19 order of commitment or, alternatively, appear and show cause why not. Court subsequently issues the requested contempt/show cause order.

- 2021-10-07: Defense counsel files above-captioned petition for writ of mandamus compelling MDPHHS to immediately accept custody of Hanway in accordance with the prior district court orders of commitment in BDC-20-165 (October 20, 2020), CDC-21-052 (August 19, 2021), and DDC-21-492 (August 31, 2021).

- 2021-10-08: Defense counsel files motion to quash its prior contempt/show cause order in CDC-21-052 pending disposition of supreme court mandamus petition.

- 2021-10-14: At contempt/show cause hearing, district court finds MDPHHS in contempt of court based on non-compliance with 2021-08-19 commitment order.

## DDC-21-492 – State v. Hanway (Kidnapping & Obstructing a Peace Officer)

- 2021-06-29: Hanway arrested while out on bail in CDC-21-052 for Kidnapping in violation of § 45-5-302, MCA, for taking an unrelated four-year-old girl into her home, closing the door, and undressing and bathing her on the belief that the girl was her daughter. Also charged with Obstructing a Peace Officer in violation of § 45-7-302, MCA, for giving a false name to the investigating officer.

- 2021-06-30: Upon her initial appearance, court sua sponte commits Hanway to MDPHHS custody for re-evaluation of her fitness to proceed pursuant to §§ 46-14-202 and -206, MCA, presumably in regard to CDC-21-052 and the new offense later formally charged in DDC-21-492.[8]

---

[8] The disposition of this evaluation commitment order is unclear in light of the subsequent proceedings in CDC-21-052 and DDC-21-492.

7

- 2021-07-15: Hanway formally charged by Information with Kidnapping and Obstructing a Peace Officer.

- 2021-08-19: Defense counsel files uncontested motion for adjudication of Hanway as unfit to proceed and commitment to the custody of MDPHHS pursuant to § 46-14-221(1)-(2)(a), MCA.

- 2021-08-31: Court adjudicates Hanway "unfit to proceed" pursuant to § 46-14-221(2)(a), MCA, for the fourth time based on the 2021-08-14 Zook evaluation and prior similar evaluations in BDC-20-165. Court suspends the criminal proceeding and commits Hanway "to the custody of" MDPHHS "to be placed in an appropriate [MDPHHS] mental health facility . . . or residential facility . . . for so long as the unfitness endures or until disposition . . . is made pursuant to [§ 46-14-221(2)(b) and (3), MCA], whichever occurs "first."[9] Court orders sheriff to immediately transport Hanway to MSH "without delay" upon "communicating with" MSH and sets required 90-day review hearing for November 3, 2021.

  Sheriff does not transport, however, upon MSH advisory of no bed-space at MDPHHS FMHF at Galen. MDPHHS again places Hanway on the FMHF waiting list where she remains to date.

- 2021-10-07: Defense counsel files above-captioned petition for writ of mandamus compelling MDPHHS to immediately accept custody of Hanway in accordance with the prior district court orders of commitment in BDC-20-165 (October 20, 2020), CDC-21-052 (August 19, 2021), and DDC-21-492 (August 31, 2021).

- 2021-10-08: Defense counsel files motion to quash its prior contempt/show cause order in CDC-21-052 pending disposition of supreme court mandamus petition.

- 2021-10-14: At CDC-21-052 contempt/show cause hearing, district court finds MDPHHS in contempt of court based on non-compliance with CDC-21-052 2021-08-19 commitment order.

---

[9] In addition to ordering MDPHHS to "develop an individualized treatment plan" to assist in regaining fitness to proceed as required by § 46-14-221(2)(b), MCA, the court ordered MDPHHS to further examine Hanway and report on her "mental condition" and ability to form the requisite criminal mental state at the time of the subject offense pursuant to §§ 46-14-202(1), (2), and -206, MCA.

*Inter alia*, MDPHHS's October 22 summary response also sets forth the following unverified factual assertions:

> [MSH] is comprised of several different components, which operate under different licenses (and legal requirements) and provide different types of services pursuant to different protocols. For purposes relevant to the district court's finding of contempt and Hanway's [mandamus] [p]etition, the Main Hospital at Warm Springs (MSH or Main Hospital) is an acute psychiatric care facility that provides intensive inpatient psychiatric services, including for patients who are involuntarily committed to the hospital according to the involuntary civil commitment provisions of . . . Title 53, Chapter 21[,] [MCA]. FMHF is a forensic hospital that serves patients who are in the custody of penal authorities, primarily pursuant to the procedures established under . . . Title 46, Chapter 14[,] [MCA].
>
> Currently, FMHF has 54 beds . . . for inpatient forensic evaluation services for the State['s] . . . 56 counties. Forty-eight (48) of those beds are currently designated for male defendants. Six (6) are designated for female defendants. Since its inception in 2016, the FMHF has been operating at capacity. FMHF has maintained forensic evaluation waiting lists since 2010, with an increase in the number of defendants on the waiting lists since the onset of the COVID-19 pandemic. COVID-19 quarantine protocols have further limited the [MDPHHS]'s ability to rotate patients civilly committed to MSH and defendants ordered to FMHF for criminal commitments into bed space. The limitations on bed space has, therefore, become an increasingly critical factor in the delay of admissions to the FMHF.
>
> The reasons for limited bed space include:
>
> 1. Defendants present with complex psychiatric and medical illnesses, related to homelessness, drug abuse, and limited services in the community and take longer to stabilize.
>
> 2. Defendants refuse to take psychotropic medications resulting in the need for *Sell* Hearings, which can take months to schedule.
>
> 3. Pre-trial detainees being maintained at MSH to ensure medication adherence, even if found fit to proceed, to prevent cessation of medications and decompensation.

9

4. Overwhelmed court dockets create admission delays.

5. Disinclination by county and defense attorneys to pursue civil commitment hearings. .

6. COVID-19 protocols, which limit admissions during 14-day quarantines and limit admissions to no more than three individuals at any one time, have exacerbated delays in admissions.

More simply stated, the primary factors contributing to delayed admissions are finite bed space and the conflict between the time required to evaluate and appropriately restore defendants' fitness, if possible, and the continuous and ever-increasing number of court-ordered admissions.

. . .

[MDPHHS] is currently engaged in a concentrated and deliberate effort to address the factors within its control that lead to delayed FMHF admissions, to increase its capacity for admissions, including reconfiguring physical space to create more available beds. This is, however, a temporary, emergency remedy, designed at this time to alleviate the larger backlog of admissions affecting female defendants. It cannot be sustained long-term and has the potential to exacerbate wait times for admissions of male defendants. The fact remains that current circumstances make it impossible for the [MDPHHS] to comply with the district court's order to transport and admit Hanway immediately.[10]

Mandamus is an extraordinary remedy available in the discretion of the court only in rare cases upon an affirmative showing that: (1) the petitioner "is entitled to the performance of a clear legal duty" by the agency, officer, tribunal, or other person or entity at issue; (2) the duty involves the performance of a purely ministerial act rather than a discretionary act; and (3) no plain, speedy, and adequate remedy is available to compel performance of the duty in the ordinary course of law. Section 27-26-102, MCA; *City of*

---

[10] On October 28, 2021, MDPHHS filed a supplemental notice in this matter, and similar notices in the underlying CDC-21-052 and DDC-21-492 matters, that, in accordance with the underlying district court commitment orders in those matters, it accepted custody of Hanway on October 27, 2021, for placement in its FMHF unit for fitness restoration care and assessment pursuant to § 46-14-221(2)-(3), MCA.

10

*Deer Lodge ex rel. City of Deer Lodge Ord. 130 & 136 v. Chilcott*, 2012 MT 165, ¶ 14, 365 Mont. 497, 285 P.3d 418 (internal citations omitted); *Smith v. Cty. of Missoula*, 1999 MT 330, ¶ 28, 297 Mont. 368, 992 P.2d 834 (internal citations omitted); *State ex rel. Thomas v. Dist. Ct.*, 224 Mont. 441, 442-43, 731 P.2d 324, 324-25 (1986) (internal quotations omitted); *Stewart v. Montana*, 135 Mont. 323, 326, 340 P.2d 151, 153 (1959); *State ex rel. Danaher v. Miller*, 52 Mont. 562, 568, 160 P. 513, 514-15 (1916) (internal citation omitted); *State ex rel. Beach v. Dist. Ct.*, 29 Mont. 265, 269-70, 74 P. 498, 499-500 (1903) (internal citation omitted). A duty is purely ministerial only if "the law prescribes and defines [it] to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *State ex rel. Sch. Dist. No. 29 v. Cooney*, 102 Mont. 521, 529, 59 P.2d 48, 53 (1936) (citations omitted). *Accord State ex rel. Anderson v. Gile*, 119 Mont. 182, 187, 172 P.2d 583, 586 (1946). "The party applying for the writ" must show sufficient facts to establish or trigger a "clear legal right to the relief sought" and the "ability on the part of [the subject] to perform that duty." *State ex rel. Blenkner v. Stillwater Cty.*, 102 Mont. 130, 133-34, 56 P.2d 1085, 1086 (1936). Mandamus does not lie "to compel the performance of an act which would be . . . beyond the power or duty of [the] respondent to perform." *Beach*, 29 Mont. at 269, 74 P. at 500.

Here, as a threshold matter, MDPHHS has a clear legal duty under § 46-14-221(2)(a), MCA, to immediately accept custody of a criminal defendant for fitness restoration assessment and care upon a written "unfitness to proceed" determination and commitment order issued by a district court pursuant to § 46-14-221(2)(a), MCA. While the nature of the "individualized treatment plan," related care, and ultimate fitness review assessment thereafter required by § 46-14-221(2)(b) and (3)(a), MCA, involve highly discretionary matters of professional medical opinion and care, the threshold duty to immediately accept custody of a defendant upon a district court commitment order pursuant to § 46-14-221(2)(a), MCA, is a purely ministerial duty.

However, as manifest in the current parallel-pendency of contempt proceedings against MDPHHS in CDC-21-052 below, a plain, speedy, and adequate remedy is available

11

in the ordinary course of law to compel performance of MDPHHS's threshold ministerial duty under § 46-14-221(2)(a), MCA. *See* §§ 3-1-402(2), -501(1)(e), (3), -512, -518, -520, and -523, MCA. Moreover, while the assertions of fact in MDPHHS's summary response are not verified, *see* §§ 25-4-203 and 27-26-302, MCA (verified pleadings and requirement for "answer, under oath," in mandamus proceedings), MDPHHS raises a question of fact as to its ability to immediately comply with the district court commitment orders at issue under Hanway's petition. Under these circumstances, we find that discretionary issuance of a writ of mandamus does not lie and is not warranted.

IT IS THEREFORE ORDERED that Hanway's Petition for Writ of Mandamus, filed October 7, 2021, is DENIED and DISMISSED.

The Clerk of this Court is directed to provide immediate notice of this Order to Hanway's counsel, counsel of record and the presiding judges (Honorable Elizabeth A. Best, Honorable John Kutzman, and Honorable John Parker) in each of the subject matters of *State v. Hanway*, Cause Nos. BDC-20-165, CDC-21-052, and DDC-21-492, Montana Eighth Judicial District Court, Cascade County.

DATED this 2nd day of November, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

12